# CHARLESTON.

## PRESTON v. WEST.

Submitted March 2, 1904—Decided March 22, 1904.

1. PARTIES TO SUIT IN EQUITY—*How Made.*
    A person cannot be made a party to a bill by merely inserting his name in the caption thereof, but the bill must contain some allegation showing such person's interest or claim to interest in the subject matter in conrtoversy. (p. 394).

2. BILL IN EQUITY.—*When Demurrable.*
    A bill which makes a person a party in the caption thereof but contains no allegation showing such person's interest or claim to interest in the subject matter in controversy, is demurrable. (p. 394).

3. DECREE.—*When Appcalable.*
    If the circuit court overrules such demurrer and grants the relief asked in such bill as to the subject matter in controversy

without having such nominal party properly impleaded as to such subject matter, although other pleadings in the cause show that such nominal party is claiming the whole of such property, such nominal party may appeal from such decree and have the same reversed. (p. 393).

Appeal from Circuit Court, Raleigh County.

Bill by A. D. Preston against A. H. West and others. Decree for plaintiff and defendant's appeal.

*Reversed.*

W. H. McGinnis and J. W. McCreery, for appellants.

A. D. Preston, for appellee.

DENT, JUDGE:

A. H. West and Jane West, his wife, complain of a decree of the circuit court of Raleigh county, rendered on the 27th day of January, 1903, in favor of A. D. Preston, on a bill in chancery filed by said Preston against appellants and others. An inspection of the record shows the following proceedings in the case:

At February Rules, 1902, plaintiff filed his bill against A. H. West and others, claiming an individual interest in a certain tract of land, and alleging that the whole of the land was claimed in some manner by A. H. West and praying a partition thereof. At April Rules A. H. West filed his answer, alleging that he had no interest in the land but that it belonged to his wife Jane West, who had purchased and paid for the land in 1893, and had ever since been in peaceable possession thereof, denied the right of plaintiff to partition and asked that Jane West be made a party to the suit. A general replication was put in the answer, and both plaintiff and defendant, A. H. West, took depositions. These depositions appear to fully sustain the allegations of the answer, as to the ownership of the property being in Jane West. Plaintiff excepted to the reading of these depositions because, among other things, the defendant, A. H. West, disclaims any interest in the subject matter in controversy.

On the 5th day of May, 1902, the court permitted the plaintiff to amend his bill by inserting in the caption thereof the name of Jane West, and thereupon she appeared by her attorney,

waived service of process, and leave was given her to file her answer to the bill at rules.

At a special term of the court held on the 27th day of January, 1903, the cause was heard on the bill and exhibits upon the demurrer to the bill, on the answer of A. H. West and general replication thereto, upon the depositions and exceptions thereto, and was submitted to the court on argument of counsel. The court thereupon overruled the demurrer to the bill and decided that plaintiff was entitled to the relief prayed, and that he is the legal owner of the one-half undivided interest in the land, allowed the defendant, Jane West, to file her answer to which the plaintiff replied generally and then appointed commissioners to partition the land, if susceptible of partition. From this decree this appeal is taken.

It is plainly apparent from these proceedings that Jane West has never had her day in court, nor any opportunity to be properly heard. The court entirely ignored the answer of A. H. West, the depositions taken in behalf thereof and the exceptions thereto. This answer, sustained by the depositions in support thereof, shows that Jane West claims the subject matter of controversy and is a necessary party to the suit. In an irregular manner her name was added to the caption of the bill and she waived process and was granted leave to answer. This conferred upon her the right to appear and object to the decree, and if erroneously entered, to appeal therefrom, otherwise she would be bound thereby, as she must be deemed to have been present in court. There is some doubt as to the appealable character of the decree. This should be resolved in her favor to prevent future complications. Certainly the court intended the decree to be a final adjudication, even as to her rights, or it would not have been entered at the time of or after she entered her answer.

On an inspection of the whole record, it is plain that she is a necessary party to the suit, as she claims the whole subject matter thereof. The irregular way in which she was named as a party, has denied her a hearing in the cause. The court appears to have disregarded the answer of A. H. West and the deposition in support thereof, because he was not interested in the subject matter of controversy, and to have refused to consider the answer of Jane West, either because not filed in time, or be-

cause not responsive to the allegations of the bill. The reason, however, is anything but plainly apparent.

The first cardinal question of ascertainment in every chancery suit before a final decree, or a decree settling the principles of the cause, is as to whether all persons interested in such decree are properly before the court and have had a hearing as to their rights. *Rexroad* v. *Quinn,* 24 W. Va. 32.

This is peculiarly a question for the court for the promotion of the ends of justice, whether on demurrer at the hearing, or on appeal. *Cook* v. *Dorsey,* 38 W. Va. 196.

Not only must a person in interest be made a party, but must be properly impleaded. *Crickard* v. *Crouch's Adm's,* 41 W. Va. 503. In the case of *Shinn* v. *Board of Education,* 39 *Id.* 498, it was held that "Where a person files his petition asking to be admitted as a party defendant in a pending suit in equity, in which no allegation is made naming or referring to him in any way, and no relief is prayed against him, and he is admitted to become such party defendant, he does not become a party in the cause until he is made a party by some allegation in the bill as amended."

A person is not properly a defendant to a bill unless such bill contain some allegation touching such person's rights, and prays relief because thereof. *McCoy* v. *Allen, et als.,* 16 W. Va. 724.

In the present case, the court permitted the amendment of the bill by the insertion of the name of Jane West in the caption thereof. She waived process and appeared. The demurrer to the bill was considered and passed on by the court, with all the papers before it, after the name of Jane West was inserted in the caption thereof. On an examination of the bill there appears not a single allegation therein, touching the rights or the property of Jane West, nor is it apparent therefrom why she is made a party thereto. Hence there is no allegation therein contained that calls upon her for an answer, or shows why she is made a party thereto. The bill is therefore defective and demurrable, as to her, and the court should have required the plaintiff to have amended the same so as to show cause for bringing her before the court. Until it was so amended, she could not and would not be bound to answer the same. The court should have sustained the demurrer to the bill and required the plaintiff

to have amended the same, not alone by naming Jane West as a party defendant therein, but also by making such proper allegations as to her rights in the premises concerning the subject matter of the suit and the prayer for relief, as would enable her to properly present her rights by answer, and have the same properly adjudicated.

It is proper to say here that when exceptions are filed to depositions because taken before issue made up on answer filed, the court should first determine such exceptions before hearing the cause so as to afford opportunity to retake such depositions, if necessary. While due diligence is required, snap judgment should not be permitted in any case in chancery, but all proceedings should be carried on and moulded to meet the ends of justice, the primary object of all litigation, which it is the duty of the court to attain if possible.

The decree complained of is reversed, the demurrer to the bill sustained, with leave to plaintiff to file an amended bill, making the appellant Jane West, a party thereto by suitable allegations as to her interests and rights therein contained, and for further proceedings according to the rules of equity.

*Reversed.*