# CHARLESTON

JARRELL *et al.* v. LAUREL COAL AND LAND COMPANY.

Submitted January 20, 1915.  Decided March 2, 1915.

1.  JUDGMENT—*Conclusiveness—Pleading.*

Where, in a court having general jurisdiction of the subject matter, parties are duly summoned in a cause to which they are named as defendants in the caption of the bill, and the allegations of the bill, though not direct and affirmative as to them, are sufficient to disclose wherein rights belonging to them are sought to be affected by the proceedings, a decree based on such allegations is good as against collateral attack.  (p. 755).

2.  SAME—*Conclusiveness—Collateral Attack.*

Judgments and decrees are not collaterally assailable as void for

want of jurisdiction in the court to enter them, merely because the pleadings on which they rest lack material averments.  (p. 757).

3.  SAME.

The power to decide upon the sufficiency of a cause of action as presented by the complainant's pleading, like the power to decide any other legal proposition, is binding except as to direct proceedings of review or appeal.  (p. 758).

4.  SAME.

If it can be gathered from the allegations of the bill, either directly or inferentially, that the complainant was seeking the relief granted, or that he was entitled thereto, the decree resting on the bill will be shielded from collateral assault.  (p. 758).

5.  SAME.

Where all persons who owned the lands prayed to be sold in a cause were named by the bill as parties thereto, were summoned, and actually appeared and defended, the decree can not be held void on collateral attack, for mere incompleteness or defectiveness in the bill.  (p. 759).

6.  SAME.

A judgment, however erroneous, entered in a case wherein the court had jurisdiction over the parties and the subject matter, is not open to impeachment by parties or privies in any collateral proceeding whatever.  (p. 760).

Appeal from Circuit Court, Boone County.

Suit by Paris Jarrell and others against the Laurel Coal & Land Company and others.  From decree for defendants, complainants appeal.

*Affirmed.*

*John E. Blake,* and *Belcher, Stiles & Goettman,* for appellants.

*Chilton, MacCorkle & Chilton, E. T. England,* and *Frank P. Murphy,* for appellees.

ROBINSON, PRESIDENT:

In 1861, Simeon Jarrell died intestate, seized and possessed of several tracts of land in Boone County, aggregating more than 2000 acres.  He left surviving him a widow, three sons, and four daughters.  The widow and one of the sons became the personal representatives of the decedent.  A suit instituted in 1871, by one who had obtained a judgment against these

personal representatives, plainly had for its object the sub-
jection of the land of the decedent to the payment of his
debts. By decrees in that cause the lands were sold, and were
conveyed to the purchasers, by a special commissioner. The
title so passed is now held by the defendant herein.

After many years, bringing great increase in the value of
the lands, the heirs of Simeon Jarrell who are still living and
the descendants of those deceased, have brought the present
suit. By it they seek to have the decrees in the suit through
which the title to the lands came down to defendant, set aside
and held for naught. They collaterally attack the proceedings
in the old suit and maintain that they did not lose title by
the sale of the lands therein. They base their right to come
into the equity forum on an allegation that they are in pos-
session of the lands. In other words, they assert that they
hold the true title to the lands, and being in possession under
the same, that they may seek equity to cancel defendant's
claim of title as a cloud on their title. Upon a hearing on
the bill and amended bill, the exhibits therewith, answers of
defendant, and depositions taken and filed by both plaintiffs
and defendant, the chancellor has decreed that the cause is
for defendant and has dismissed plaintiffs' suit. From that
decree we have this appeal.

Assuming that plaintiffs have proved such present posses-
sion of the lands as will enable them to maintain this suit,
all of which seems exceedingly doubtful, we are of opinion
that the decree is warranted on the ground that defendant
has the true title to the lands. In one of the briefs on behalf
of plaintiffs it is submitted that the case turns on the question
whether the decrees in the old suit were void for want of
jurisdiction in the court to enter the same. Taking up the
case from that view point, we find that the decrees attacked
were not void, but that they operated to vest the purchasers
at the judicial sale with good title.

The collateral attack made by this suit on the validity of
the proceedings in the old suit is based on plaintiffs' theory
that the court in the latter suit did not acquire jurisdiction
of the heirs of Simeon Jarrell, deceased, so as to deprive them
of title to the lands by the proceedings therein. That all the
heirs were named as parties to the old suit in the caption of

the bill and were served with process to answer the bill, is conceded. But it is maintained that the substance of the bill was not such as would make the heirs parties to the suit, and that all proceedings and decrees based on such a pleading were entirely void. The caption of the bill reads as follows: "The Bill of Complaint of Nelson Hill, Admr. of George Hill, Decd. v. Floyd C. Jarrell, Administrator, and Virgin Jarrell, Administratrix of Simeon Jarrell, dec'd, and in their own right, H. H. Hopkins, Paris Jarrell, Simeon R. Jarrell, Charles N. Mullins, and Acintha Mullins, his wife, Henry C. Mullins, and Caroline Mullins, his wife, Floyd White and Emily White, his wife, David Mullins and Harriett Mullins." Following this caption it was alleged by the plaintiff to the suit that a judgment for his use had been recovered against the administrator and administratrix of Simeon Jarrell, deceased; that execution had been issued on such judgment and returned not satisfied, an abstract of the judgment and a copy of the execution being exhibited with the bill in this connection; that Simeon Jarrell died intestate, seized and possessed of certain tracts of land, which were listed and described; that the lands appeared to be vested in his heirs; and that the personal estate of the decedent was insufficient to pay the plaintiff's judgment. The bill then prayed that the real estate of which Simeon Jarrell died seized and possessed be sold to pay the plaintiff's judgment and the costs of the suit; that leave be granted the creditors of the decedent to come in and participate in the advantages of the suit; that a commissioner be appointed to ascertain the claims of the several creditors and to perform such other orders as may be required; and that the plaintiff have general relief.

(1)   The charge against this bill is that it was invalid to give the court jurisdiction over the heirs of the decedent. The argument is made that, though the heirs were all named in the bill and summoned to answer it, they are not therein alleged to be heirs of Simeon Jarrell; that the court did not acquire jurisdiction as to the heirs, because the bill does not implead them. The court had jurisdiction of the subject matter of the suit, the real estate, for that was within the county. The heirs were sufficiently named in the caption as defendants, no prayer being necessary to make them such, as

the law then was and now is.  Code, ch. 125, sec. 37.  Then, did the court fail to acquire jurisdiction of the persons which were so named and summoned, because the bill did not directly allege the connection which they had with the suit, or affirmatively state the rights belonging to them which the suit would affect?  Clearly, in our opinion, this is not a case in which the basic pleading is so lacking in averment as to give no jurisdiction to the court to proceed to hear and determine. A bill naming as defendants thereto the persons who were heirs, was filed.  These persons were duly summoned to answer the same.  Appearing in response to the summons, they could readily observe from the bill what rights belonging to them were sought to be affected by the proceedings.  They would see that it was proposed to sell·their lands for debts of their ancestor to which the lands were subject in their hands.  Thus the bill contained allegations impleading their rights.  While it did not tell them they were heirs, or by the use of the term bring them in as heirs, it disclosed to them that the heirs were to be affected by the object of the suit.  It did in a way implead them as heirs, for it brought in each person that was an heir and disclosed what was proposed to be done toward a subject matter in which he had a right.  The heirs of the decedent were made parties to the suit by being named in the bill and summoned to answer allegations therein which plainly, even if inferentially, disclosed to them wherein their rights were to be touched or dealt with by course of law.  It may be that the bill was not sufficient and was subject to demurrer. But it was a pleading to which the heirs were named as persons defendant and in which allegations were made affecting their rights.'  It notified them, at least insufficiently, what judgment was proposed to be taken against them.  They had opportunity to object to the insufficiency of the bill, or to resist in other ways the proposed judgment of which the bill gave them notice.  The bill was not, therefore, so void as to deny the heirs opportunity to care for their rights involved.

There is a wide difference between irregularity and invalidity—between error and want of jurisdiction.  We have no decision holding that a decree in a case to which one has been made a party defendant without sufficient allegation against him, is void on collateral attack.  We have several holding

that decrees are erroneous and must be reversed for the error or irregularly or insufficiently bringing in a defendant. In some of these it is said that the decree is a nullity, but it was so considered on error, not on collateral attack. In *Underwood* v. *Underwood,* 22 W. Va. 303, a bill was held bad on demurrer for the same insufficiency that is alleged against the bill involved herein. But it is not there declared that the decree which was reversed for the error in overruling the demurrer would have been held void on collateral attack. It is not there held that the bad bill did not give jurisdiction. Also in *Preston* v. *West,* 55 W. Va. 391, the bill wherein one's name as a defendant had been merely inserted in the caption without allegations touching the party's interest, was held to be insufficient. The court was dealing with such procedure on appeal merely. Indeed Judge DENT in the opinion expressly negatives the idea that a judgment based upon it is open to collateral attack. *Stimson* v. *O'Neal,* 61 W. Va. 551, was a case of collateral attack. In it the infant parties had not been made defendants in any way. Only one as guardian for them had been made a party. They being entirely absent from the proceedings, not being at all before the court, it was rightly held that no jurisdiction had been acquired as to them.

(2)  Plaintiffs further submit that there was want of jurisdiction, because it did not appear by the bill that the debt sought to be recovered by the plaintiff therein was one for which the estate of Simeon Jarrell, deceased, was liable. Such a matter does not go to the question of jurisdiction, though it may pertain to the sufficiency of the bill. Besides, it appeared from the copy of the execution exhibited with the bill that the debt was one to be paid out of the goods and chattels of the decedent. The judgment against the personal representatives may not have been binding on the heirs, but the debt on which the judgment was taken was one for which the real estate was liable if there was an insufficiency of personal assets to pay it.

Another alleged ground of insufficiency in the bill to give jurisdiction is that it does not aver that the personal assets were insufficient to pay the debts of the estate. That this is an essential allegation for a sufficient bill, must be conceded.

But is a decree based on a bill that lacks such an averment void in the sense that it may be collaterally attacked? We think not. Vanfleet on Collateral Attack, sec. 282; *Adams* v. *Thomas*, 44 Ark. 267. Hereinafter we shall show that judgments and decrees are not necessarily void for want of jurisdiction because the pleadings on which they rest merely lack some material averment. The bill before us does, however, virtually allege that the personal estate was insufficient. It plainly undertakes to set up the plaintiff's judgment as a debt against the estate and says that the personal assets are insufficient to pay it. If insufficient to pay this one alleged debt, it was certainly insufficient to satisfy the other creditors which the plaintiff asked to be brought in to participate in the suit.

(3) That the court had power to decide upon the sufficiency of the cause of action presented by the bill in question, in relation to those named as defendants therein, can not be gainsaid. Then, that very power enabled the court to enter a decree based on the bill, binding, until reversed by direct proceedings of review or appeal. "The power to decide upon the sufficiency of a cause of action as presented by the complainant's pleading, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected by some superior authority." 1 Freeman on Judgments (4th ed.), sec. 118. It was within the power of the court to say that the bill was good as against all defendants thereto. The decrees entered on the bill involved such a finding. In making that finding as a basis of the decrees the court was within its jurisdiction. It had the power to decide the question, even erroneously. Therefore, the decrees can not be collaterally assailed, though the court may have erred in adjudging the bill to be sufficient as against the heirs.

(4) We have observed that plaintiffs' collateral attack is based on that which is a mere insufficiency of pleading in the bill on which the decrees rest. Even where a cause of action is not stated by the complaint, a judgment or decree rendered thereon will not be considered open to collateral impeachment on that ground. Black on Judgments, sec. 269; 23 Cyc. 1093. "The rule is this: Can it be gathered from the allegations, either directly or inferentially, that the party was seeking

the relief granted, or that he was entitled thereto? If it can, the allegations will shield the judgment from collateral assault.'' Vanfleet on Collateral Attack, sec. 61. With this rule as a test, we must assuredly say that those named as defendants to the bill under consideration could readily gather from its allegations that the plaintiff therein was seeking the very relief against them which was afterwards granted by the decrees that are now collaterally assailed.

The author from whom we have quoted above also says: ''There is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it. cannot be said that such a complaint has any tendency to· show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands—the court having power to grant it in a proper· case—jurisdiction exists, and the defendant must defend himself. * * * Allegations immaterial and wholly insufficient: in law may be sufficient 'to set the judicial mind in motion,' and to give a wrongful but actual jurisdiction which will shield the proceedings from collateral attack.'' Vanfleet on Collateral Attack, sec. 61. ''If the object of the petitioner can be ascertained from the allegations, no matter how defective they are or how many necessary ones are omitted— the court having power to grant the relief sought, and having the parties before it—the judgment is not void. A judgment is never void for defects in a petition which is amendable.'' Vanfleet on Collateral Attack, sec. 256. And upon a full review of the authorities, Judge Vanfleet further says that he considers the true and only logical rule to be that if there is any petition at all invoking the action of the court, a judgment based thereon cannot be assailed collaterally because of insufficiency in the pleading.

(5) · The persons named in the caption of the bill who were heirs of the decedent were aware of the proceedings against them and took advantage of an opportunity to pro-

tect their interests in the cause. They appeared by one Laidley, attorney, who signed "for widow and heirs," and filed exceptions to reports of the commissioner to whom the cause was first referred. While this appearance does not specify whose widow or what heirs Laidley represented, the only rational inference, the proper legal presumption, is that he appeared for those persons named in the bill and brought in by summons who were the widow and heirs of Simeon Jarrell, deceased. The bill seems to have been entirely sufficient to call upon the heirs to make defense in the cause, for it is plain that they did so.

Let it be noted that all the persons who owned the lands sought to be sold in the suit were made parties defendant, were summoned, and actually appeared by attorney and defended in the cause. Certainly the court thus had jurisdiction of the subject matter of the cause and of the parties thus appearing and defending in relation to it. We may readily concede that the bill was incomplete or even defective, but its incompleteness or defectiveness does not establish want of jurisdiction.

(6). Plaintiffs also submit that the decree of sale is irregular and void. It may be irregular. It might have been reversed on appeal. But it is not void. It was based on the report of a commissioner, in which the debts against the decedent's estate were ascertained. It orders a sale of the lands for the payment of those same debts. It is in line with the ultimate object of the suit. Distinctly does it appoint and constitute a special commissioner to dispose of the lands by public sale. That it is a decree of sale—a judgment of the court—its terms fully prove. The court had jurisdiction to enter it. Whatever errors were in it, were proper to be considered on appeal, but are not assailable collaterally. It is a judgment entered in a case wherein the court had power over the parties and the subject matter. It is, therefore, not open to impeachment by parties or privies in any collateral proceeding whatever, though ever so erroneous. Black on Judgments, sec. 245.

In another suit, one by these same plaintiffs against owners of the timber on the lands, the very questions herein decided have been determined against plaintiffs by the United States

Circuit Court of Appeals for the Fourth Circuit. We may, therefore, cite as authority directly in point the opinion in that case. *Jarrell et al.* v. *Cole and Crane*, 215 Fed. 315.

We find the decree complained of to be a proper one. An order affirming it will be entered.

*Affirmed.*