### STAUFFER v. WATTS.

No. 9383—Opinion Filed Aug. 13, 1918.

Rehearing Denied Sept. 7, 1918.

(174 Pac. 1031.)

**1. Judgment — Vacation — Champertous Deed.**

An objection to a judgment that the deed on which the judgment was based was champertous as between the plaintiff and the maker thereof should have been interposed as a defense to the action, and cannot be made the basis of an action to vacate and set aside the judgment, where the court otherwise has jurisdiction of the subject-matter and the parties.

**2. Judgment—Jurisdiction of Court—Defective Petition.**

Where the court has jurisdiction of the subject-matter and the parties with power to grant relief, the fact that the petition may be defective in stating a cause of action, if the relief sought by the petitioner can be ascertained, the judgment rendered thereon is not void.

**3. Limitation of Actions—Vacation of Judgment—Fraud.**

A judgment of a court of record, obtained and procured to be entered by reason of fraud and deceit of the parties benefited thereby, is voidable at the suit of the judgment debtor, which suit may be maintained under the provisions of section 4657, Rev. Laws 1910, within two years after the date of the discovery of fraud, and where a suit is instituted more than two years after the rendition of judgment that is alleged to have been procured by fraud, and the petition fails to allege the fraud to have been discovered within two years prior to the commencement of the action, such petition is subject to a general demurrer.

(Syllabus by Springer, C.)

Error from District Court, Wagoner County; Ernest B. Hughes, Judge.

Action by Isaac Stauffer against Charles G. Watts. Judgment for defendant, and plaintiff brings error. Affirmed.

C. F. Green, for plaintiff in error.

Jess W. Watts and E A. Summers, for defendant in error.

Opinion by SPRINGER, C. The parties will be referred to as they appeared in the lower court. On the 21st day of June, 1910, the defendant, Charles G. Watts, filed suit in the district court of Wagoner county, Okla., in cause No. 713, against the plaintiff herein and others, in which he alleged, in general terms, together with other appropriate facts, that he was the owner of the northwest quarter of section 9, township 16 north, of range 15 east, in Wagoner county, Okla., and prayed judgment that the title to said premises be quieted in the plaintiff. The defendants in that action having made default on October 19, 1911, the court rendered judgment in favor of the plaintiff as prayed for in his petition. Thereafter, and on the —— day of ——, 19——, the plaintiff in this action, Isaac Stauffer, instituted suit in the district court of Wagoner county, Okla., in case No. 2006, in which it is alleged that he was the legal and equitable owner of the east one-half of the northwest quarter of section 9, township 16 north, of range 15 east, containing 80 acres more or less, and that he was then in possession of the same, and in which he attempted to set aside the judgment rendered in favor of Charles G. Watts on the 19th day of October, 1911, together with the deed by which Charles G. Watts claimed to be the owner of

said land, by canceling the same as a cloud upon the title of the plaintiff, and that the title to said premises be quieted in the said Isaac Stauffer. In due time Charles G. Watts filed an answer and cross-petition in said cause, and on the 30th day of June, 1914, the case was presented to the court upon the answer and cross-petition of Charles G. Watts, the plaintiff in that action having made default, and the judgment of the court was as prayed for in the answer and cross-petition of Charles G. Watts.

On the 23d day of September, 1914, the plaintiff filed his petition in the district court of Wagoner county, Okla., in which he attempted to set aside the judgment of the court rendered on the 19th day of October, 1911, in cause No. 713, and also the judgment rendered in cause No. 2006, on the 30th day of June, 1914, upon the following grounds: (1) That the court had no jurisdiction of the parties or of the subject-matter of the action in cause No. 713, for the reason the right of the plaintiff in that action to recover was based upon a champertous deed. (2) The court was without jurisdiction to render judgment in cause No. 2006 upon the answer and cross-petition of Charles G. Watts, for the reason that Charles G. Watts' right to recover rested upon a deed that was champertous, and upon the judgment rendered by the court in cause No. 713, wherein the court had no jurisdiction of the subject-matter of the action or of the parties. (3) The petition in cause No. 713 did not state a cause of action, nor did the cross-petition in cause No. 2006 state a cause of action, and therefore the court was without jurisdiction to render judgment. (4) By reason of fraud of the attorneys representing the plaintiff in cause No. 2006 in failing to notify him of the time when the case was assigned for trial. The claim of the plaintiff to have the judgment set aside at this time is novel, and is based more upon fiction than reality.

As to the first proposition advanced by the plaintiff that the court never acquired any jurisdiction of the parties or of the subject-matter of the action in case No. 713, and in No. 2006, by reason of the fact that the defendant Charles G. Watts' right of recovery rested upon a champertous deed, we are obliged to say that was a matter of defense in cause No. 713. The petition in that case alleged that Charles G. Watts was owner in fee simple and entitled to possession of the northwest quarter of section 9, township 16 north, of range 15 east, situated in Wagoner county, Okla., and followed by all the necessary allegations of facts which fully stated a cause of action. The plaintiff in this action was only served by personal service of summons, but, notwithstanding such service of summons, made no appearance and filed no answer in the case. The land was located in Wagoner county, Okla. The action ... rt in that county. Thus it will be seen that the court had jurisdiction of both the subject-matter of the action and of the parties.

If the plaintiff in this action desired to avail himself of the defense of champerty, he should have filed his answer in cause No. 713 and alleged that fact as a defense. In 2 Black on Judgments, at section 330, it is said:

"A motion or proceeding to vacate or set aside judgment cannot be sustained on any grounds which might have been pleaded in defense to the action, and could have been so pleaded with proper care and diligence."

And 2 Corpus Juris, p. 271, provides:

"An objection to complainant's judgment that the contract on which said judgment was based was champertous, as between complainant and his assignor, should have been interposed in the suit at law, and cannot be raised on complainant filing his bill in equity to subject effects of defendant to such judgment."

23 Cyc. 927, provides:

"A proceeding to vacate or set aside a judgment cannot be sustained on any grounds which might have been pleaded in defense to the action, and could have been so pleaded with proper care and diligence." Harris v. Hart, 49 Okla. 143, 151 Pac. 1038.

The position of the plaintiff is that, the deed to Watts being champertous, the court acquired no jurisdiction of the subject-matter of the action or of the parties in cause No. 713. With this contention of the plaintiff we are not able to agree. The fact that the deed itself was void would not prevent the court from acquiring jurisdiction of the subject-matter of the action and of the parties. The fact that the deed is void would not deprive the court of jurisdiction of the subject-matter and of the parties, where the court otherwise has jurisdiction. A case involving the question under consideration here is Elder v. Nat. Bank of Lawrence, 12 Kan. 243. In an action to enjoin the collection of a judgment rendered upon void notes the court said:

"Assuming in this case, as we did in the other, that the transaction between the plaintiffs and the Ottawa Bank was forbidden by law, and that the securities taken were void. * * * Said bank sued on those

notes, and the plaintiffs here, with full knowledge of their defense, failed to set it up, supposing the Lawrence Bank to be a bona fide purchaser for value before maturity. It subsequently appeared that the Lawrence Bank was not such a holder and that any legal defense as against the Ottawa Bank could have been successfully made to the action of the Lawrence Bank. We do not say that the testimony shows all this; far from it; but simply, that this is the most favorable view for the plaintiffs. Now, under such a state of the case, the plaintiffs are simply too late."

This case was followed in Watson v. Voorhees, 14 Kan. 329, in a case where the facts are very similar to those in the case before us. In the Watson Case he and his wife had filed upon some land under a congressional Homestead Act, and prior to the issuance of the patent had executed a mortgage on the land. The act under which they filed provided that:

"Land acquired under the provisions of this act shall not in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor."

Suit was brought by the holder of the notes and mortgage, and judgment rendered foreclosing the mortgage, and afterward Watson and his wife brought suit to enjoin the sale under the judgment. The court said:

"The plaintiffs have had their day in court. They knew then of this defense, as fully as they do now, yet they failed to set it up. No excuse is given, no reason shown why they did not make their defense in the foreclosure suit. They probably had no defense to the note; but if their present claim in reference to the land, and its freedom from liability for this debt, is a good one, they could have set it up in that suit, and thereby prevented a decree of foreclosure. There is no reason why they should have two opportunities of interposing the same defense."

It will thus be seen that the contention of the plaintiff that the court was without jurisdiction of the subject-matter and the parties, by reason of his contention that the deed to Charles G. Watts was champertous, is not well taken and cannot be maintained.

With reference to the contention of the plaintiff that the petition in case No. 713 did not state a cause of action, nor did the cross-petition in case No. 2006 state a cause of action upon which the court could render judgment, it is sufficient to say that the court has jurisdiction of the parties and of the subject-matter of the action, and has power to grant relief; despite the fact that the petition may be defective in stating a cause of action, if the relief sought by the petitioner can be ascertained from the allegations of the petition, a judgment is not void. Welch v. Focht, 67 Okla. 275, 171 Pac. 730; Jarrell v. Coal & Land Co., 75 W. Va. 752, 84 S. E. 933, L. R. A. 1916E, 312.

The claim of fraud alleged in the petition, consisting of a failure of the attorneys representing the plaintiff in cause No. 2006 to notify him of the time when his case was set for trial, cannot be urged in this case, because it is barred by the two-year statute of limitations. Section 4657, Rev. Laws 1910, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued, and not afterwards;

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty.

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

"Fourth. Within one year: An action on a foreign judgment; an action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty, or forfeiture, except where the statute imposing it prescribes a different limitation.

"Fifth. An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest, or in any case whatever required by the statute, can only be brought within five years after the cause of action shall have accrued.

"Sixth. An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

Our statute is the same as the Kansas statute, and in the case of Black v. Black, 64 Kan. 689, 68 Pac. 662, the Supreme Court of that state said:

"The correct rule is that the language employed in the statute, 'until discovery of the fraud,' does not mean until the party complaining had actual knowledge of the fraud alleged to have been committed, but that constructive notice of the fraud is sufficient to set the statute in motion, even though there is no actual notice; that where the means of discovery lie in public records required by law to be kept, involving the very transaction in hand, and the interests of the parties to the litigation," in such case "the public records themselves are sufficient notice of the fraud to set the statute in motion."

Also in the case of Board of Commissioners of Garfield County v. Renshaw, 23 Okla. 56, 99 Pac. 638 22 L. R. A. (N. S.) 207, this court said:

"The phrase 'until discovery of the fraud,' in the third paragraph of section 4216, Wilson's Rev. & Ann. St. 1903, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there may be no actual notice. Where the means of discovery lie in public records required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion."

The plaintiff in his petition nowhere alleges lack of discovery of fraud, and in fact he could not very well do so in the face of the decisions of our court and Kansas, because they are holden that a public record required to be kept is constructive notice, and in such case actual notice is not necessary, and therefore the plaintiff must be held to have had notice from the time of the rendition of the judgment.

There was no error of the trial court in sustaining the demurrer to the petition, and its ruling thereon is affirmed.

By the Court: It is so ordered.