JOHN JACOB NODER *v.* HONORABLE A. S. ALEXANDER,
*Judge, et al.*

(No. 7873)

Submitted January 16, 1934.   Decided January 23, 1934.

*Owen, Silverstein & Davis* and *Paul Mansour,* for petitioner.
*Taylor & Taylor,* for respondent Emma D. Early.

WOODS, PRESIDENT:

John Jacob Noder seeks by prohibition to inhibit the judge
of the court of common pleas of Kanawha county from con-
firming a sale, made in pursuance of a decree *pro confesso* in
a cause in which Emma D. Early, executrix of the estate
of B. H. Early, deceased, was plaintiff, and the relator herein
was defendant, of lot 5, block 6, Early addition to the Town
of Montgomery, on the ground that the bill, upon which the
decree was predicated, was insufficient to confer jurisdiction
on said court.   A demurrer and answer were filed upon behalf
of Mrs. Early, executrix, etc., to which relator replied gen-
erally.

B. H. Early, in 1922, sold lots 2, 3 and 4, in the block afore-
said, to relator, reserving a vendor's lien upon the face of
the deed for the purchase price of $2,700.00, the same being
evidenced by a note.   Early died in 1928.   In 1930, a judg-

ment in the sum of $2,857.23 was taken on the note aforesaid and duly recorded. An execution was issued and returned unsatisfied. Thereafter, on suggestion to certain creditors of Noder the judgment was reduced to $1,254.20. The bill, filed January, 1931, after setting up the foregoing, avers, among other things, that the unpaid balance of $1,254.20 is a lien on the said lots by virtue of the said vendor's lien, as well as a lien by reason of said judgment on all other properties owned by relator, the first tract mentioned therein being described, as follows: "Lot No. 5 in block 6 of the Early addition to the Town of Montgomery, in Kanawha county, West Virginia, as shown on the map of said addition which is of record in the office of the clerk of the county court of Kanawha county. *The said lot was conveyed to the said John Jacob Noder by B. H. Early* and this plaintiff in her own right by deed dated December 1, 1927, of record in said Clerk's office in deed book No. 351, at page 388, *whereby the said B. H. Early retained a vendor's lien on the said lot of land to secure the payment of the sum of $1,000* with interest from the date of the said deed; of which sum seventy-five dollars was paid shortly after the delivery of said deed, and the residue thereof is unpaid and is a first and valid lien on the said lot of land." And after alleging ownership of certain other lots, and record encumbrances thereon, which, while not released of record, have in fact been discharged, the bill continues: "And that the only valid liens on the aforesaid lot No. 5 of block 6 of said last named Addition as herein described is the vendor's lien retained thereon by the said B. H. Early as herein shown, and plaintiff's judgment hereinbefore set forth." The bill then charges that the plaintiff has the right to the sale of lots 2, 3 and 4 aforesaid, to satisfy the vendor's lien, etc., and "the right to the sale of lot 5 of the said block 6 to satisfy the vendor's lien retained thereon by the said B. H. Early as hereinbefore shown, and if the proceeds of said sale shall not be sufficient to discharge the said lien, she is entitled to decree against the said John Jacob Noder for the residue thereof."

The bill concludes with a prayer that plaintiff may have a decree of sale of the said lots 2, 3 and 4 and satisfaction of her lien from proceeds, if sufficient, and, if not, that she may

have sale of so much of the residue of the property described, as shall be necessary to discharge her judgment; that she may have sale of lot 5 and satisfaction of her vendor's lien from proceeds, if sufficient, and, if not, that she may have decree against the said John Jacob Noder for the unpaid balance thereof; that if the proceeds of sale of the three lots aforesaid and the residue of proceeds of sale of lot 5, after payment of vendor's lien thereon shall not be sufficient to pay off and discharge the amount of plaintiff's said judgment, that she may have sale of remainder of the real estate described in the bill, or so much as shall be necessary to discharge the said judgment and the costs of suit; that, if it shall become necessary, the cause be referred to a commissioner in chancery to state an account showing the liens and their priorities against the various properties in the bill described; and that she may have general relief, etc.

A decree *pro confesso* was entered in accordance with the prayer of the bill, as of June 15, 1931. Since that time Noder, the petitioner herein, paid off the amount due on the purchase price of lots 2, 3 and 4, aforesaid. And now that the commissioner has sold lot 5, under the vendor's lien to Emma D. Early, in her own right, for the sum of $1,000.00, the petitioner would have the confirmation of said sale restrained for the reason hereinbefore mentioned.

It must be remembered at the outset that we are concerned with only the jurisdiction of the court under the allegations of the bill and not with the sufficiency of such allegations on demurrer. "Allegations immaterial and wholly insufficient in law may be sufficient 'to set the judicial mind in motion', and to give a wrongful but actual jurisdiction which will shield the proceedings from collateral attack." Vanfleet on Collateral Attack, sec. 61. At the beginning of the foregoing section, the author lays down the following as a rule for determining whether the allegations of a pleading are sufficient to show power in the court to grant the relief sought in the particular case: "Can it be gathered from the allegations, either directly or inferentially, that the party was seeking the relief granted, or that he was entitled thereto? If it can, the allegations will shield the judgment from collateral assault." And this rule was approved and applied in the case of *Jarrell*

v. *Coal & Land Co.*, 75 W. Va. 752, 84 S. E. 933.

That the bill, under the above rule, sufficiently alleges the retention of a vendor's lien to secure payment of $1,000.00 purchase money, cannot be successfully contradicted. But does it allege that the sum secured by the lien is due or that the same is in default; and does it sufficiently show who owns or has the right to the debt? It must be noted that the bill specifically charges that the plaintiff has the right to the sale of lot 5 under the vendor's lien to satisfy the unpaid purchase price. This inferentially says that the defendant is in default, and that the plaintiff is still the owner and has the right to enforce the same.

No matter how insufficient the allegations may be on demurrer to the bill, we are of opinion that they are ample to confer jurisdiction, and that the petitioner herein cannot now, two years after the entry of the decree directing sale, have the decree declared void by collateral attack.

The writ of prohobition is accordingly denied.

*Writ denied.*