Adams et al. v. Thomas et al.

## ADAMS ET AL. V. THOMAS ET AL.

1. ADMINISTRATION: *Order for sale of lands: Sufficiency of petition.*
   The validity of an order of the probate court for the sale of lands to pay debts does not depend upon the sufficiency of the petition for the sale. The order is a judgment *in rem* of a court having exclusive original jurisdiction of the subject matter. The court passes upon the sufficiency of a petition in making the order, and if the petition be insufficient the judgment must be corrected by appeal or *certiorari*. It is not a nullity.

2. SAME: *Order to sell land procured by fraud.*
   An administrator's sale cannot be avoided by showing that the administrator procured his license to sell by fraud and misrepresentation and with the design of sacrificing the property, unless the purchaser at the sale participated in or had notice of the fraud.

APPEAL from *Yell* Circuit Court in Chancery.

Hon. H. S. CARTER, Special Judge.

*L. C. Hall* for appellants.

The jurisdiction of a court of chancery to set aside sales made in pursuance of orders or judgments of probate courts for fraud, either before or after the administration is closed, is unquestioned. *34 Ark., 63; Dyer v. Jacoway, 42 Ark., 186.*

Probate courts are courts of limited jurisdiction, and have none over real estate except that given by statute, and before they can acquire jurisdiction the statute must be followed and complied with. The personal property must have been insufficient to pay the debts, notice must

be given as required by law, and the petition must contain an account of all debts and assets, etc. The petition must be heard on the day designated, etc. (*Freeman on Void Jud. Sales, secs. 13, 165; Gould's Digest, ch. 4; 8 Metc., 355; 6 Sm. & M., 259; 6 Porter, 219.*) The sale of real estate by order of the probate court is a distinct proceeding, in which the petition is the commencement, and the order the judgment and the jurisdiction depends on the sufficiency of the petition. *Freeman Void Jud. Sales, p. 32.*

The complaint shows nowhere that Holland died leaving a will, nor that any will was ever probated. The sale was void for want of jurisdiction in the court making the order.

*W. N. May, W. D. Jacoway* and *J. T. Harrison* for appellees.

The presumption is, the court having jurisdiction, that all its proceedings are regular, and they can only be attacked by appeal or for fraud. No specific acts of fraud are charged sufficient to authorize a court of chancery to set aside the sale after a lapse of seventeen years, and long after innocent purchasers have intervened. *19 Ark., 541; 11 Ib., 519; 12 Ib., 84; 13 Ib., 177; 19 Ib., 499; 25 Ib., 52; 26 Ib., 421; 31 Ib., 74; 33 Ib., 575; 34 Ib., 64; 40 Ib., 433; Freeman on Judg., 3d ed., secs. 116 to 136; Freeman on Void Jud. Sales, ch. 2 and 3.*

The probate court had jurisdiction, the matter was within its discretion, its order was a final judgment, and there being no appeal and no sufficient charges of fraud, its action is final. *Supra.*

COCKRILL, C. J. This was a suit in equity by the heirs or J. N. Holland, deceased, against the purchaser and those claiming an interest in certain lands which were

owned by Holland at the time of his death, and had been sold by the administrator of the estate in 1860, under an order of the probate court of Yell County. The complaint alleges that at the time the petition for the sale of the lands was presented to the court, the administrator had personal assets in his hands sufficient to pay off the debts of the estate and costs of administration, and that the petition did not pursue the statute governing such cases, but omitted to state that the personal estate was exhausted, or was insufficient to raise the funds necessary to pay off the probated claims.

A general demurrer to the complaint was sustained. Judgment was rendered against the plaintiffs upon their refusal to plead further, and they appealed.

It is pressed upon us by the counsel for the appellants, that a proceeding for sale of the real estate of a deceased person is in the nature of a distinct action; that the jurisdiction of the court depends on the sufficiency of the petition, and that in this case the court acquired no jurisdiction to make the order because the petition fails to state the material facts required by the statute.

The order of sale of the probate court now questioned, is in the nature of a judgment *in rem*. It is the judgment of a court having absolute and exclusive jurisdiction of the subject matter by virtue of the Constitution. It is immaterial whether the jurisdiction was put into actual exercise upon the granting of letters of administration, as has several times been held by this court—(See *Adamson x. Cummins, 10 Ark., 549; Sturdy v. Jacoway, 19 Ib., 515*)—or upon the filing of the petition to sell the land. In making the order of sale, the court passed upon the sufficiency of the petition, and any error committed in this should have been corrected by appeal or *certiorari.* To have rendered judgment for a sale of the lands with no facts before him

except those disclosed by the petition in this case was an error so glaring as to be a reproach to the upright character and good business education that a probate judge is, by the law, presumed to possess; but the judgment was that of a superior court having jurisdiction of the subject matter, and is not a nullity. This has been settled and often reiterated by this court. *Borden v. State, 11 Ark., 519; Marr, ex parte, 12 Ib., 87; Bennet v. Owen, 13 Ib., 177; Sturdy v. Jacoway, 19 Ib., 499; George v. Norris, 23 Ib., 121; Thorn v. Ingram, 25 Ib., 52; Fleming v. Johnson, 26 Ib., 421; Montgomery v. Johnson, 31 Ib., 74; West v. Waddill, 33 Ib., 575; Mock v. Pleasants, 34 Ib., 69; Hall v. Brewer, 40 Ib., 433.*

Titles have been acquired and valuable rights have grown up under these decisions, and it is too late now to inquire into their correctness, if we were even disposed to do so. To change the rule and declare the judgments of probate courts void in such cases, would be to remove a landmark in our jurisprudence, and this, to adopt the sentiment of Lord Bacon, is the foulest injustice.

It follows that the probate court, having exercised its discretion upon a subject within its jurisdiction, is presumed to have exercised it correctly, and the Circuit Court in this proceeding could not judge of the propriety or legality of its order. *George v. Norris, 23 Ark., 129.*

Probate sale procured by fraud. While a court of equity must refuse its aid where its action would involve the usurpation of appellate jurisdiction, it has, nevertheless, an inherent power to set aside the judgments of these as of other courts when they have been obtained by fraud. This power of the court was invoked by the plaintiffs in this case, but their complaint does not show facts upon which the court can declare fraud as against the purchaser at the sale. It is alleged that the administrator and his attorney or legal adviser,

and others who are not named, conspired to bring about the sale of the lands for the purpose of defrauding the estate, but is not alleged that the purchaser was concerned in or knew of the intended fraud. An administrator's sale cannot be avoided by showing that the administrator procured his license to sell by fraud and misrepresentations, and with the design of sacrificing the interests intrusted to his care, unless the purchaser at the sale participated in or had notice of the fraud. *McCown's Executors v. Foster, 33 Texas, 241; Staples v. Staples, 24 Grat., 225; Freeman Void Jud. Sales, sec. 39.*

There is no fact disclosed from which we can infer a guilty knowledge on the part of the purchaser. The allegations of fraud are confined to the administrator and his attorney, and are very general in their terms. The purchaser's bid may have aided them in their fraudulent design, but it is not disclosed in what way this was done or that he had any knowledge of their intent.

Affirm.