## Cohn Bros. & Co. *v.* Stringfellow.

*Action of Detinue.*

1. *Title of assignee for benefit of creditors.*—An assignee for the benefit of creditors takes no better title than his assignor had, and in detinue by the seller to recover goods as fraudulently bought by the assignor it is immaterial whether the assignment is invalid or in fraud of the assignor's creditors.

2. *Charge as to concealment of financial condition.*—There being no evidence of the insolvent's fraud in ordering the goods, the issue being on his good faith when he received them, a charge relating to concealment of financial condition "at the time said goods were purchased" is properly refused.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. S. H. SPROTT.

On the trial the testimony tended to show that in January, 1891, plaintiffs' agent called upon McKinistry & Co. for the purpose of selling them a bill of goods; that he sold said bill of goods after offering certain inducements to McKinstry & Co. to buy; that these goods were shipped about the 25th of February, and were received by the defendants about March 1st; that when the order for these goods was taken by plaintiffs' agent everything about McKinstry's store, and his financial standing, indicated a prosperous business. The plaintiffs' agent testified that at the time of taking the order for these goods he did not ask McKinstry as to his financial condition, and that no statement was made in reference thereto. McKinstry himself testified that at the time of the purchase of said goods he had made arrangements with parties in Mobile by which he expected to get money "to tide him over," but that about the middle of February, 1891, he ascertained that he would not be able to obtain said money, and then he knew that McKinstry & Co. "could not go on, and failed absolutely." That when the goods from the plaintiffs were received at the store of McKinstry & Co. he was present, and knew that he would not be able to get the money from the Mobile parties, as had been expected. On March 7, 1891, McKinstry & Co. made an assignment to E. Martin Stringfellow, conveying to him the whole stock of goods owned by McKinstry & Co., including the goods bought from the plaintiffs, and here sued for. The proof showed that at and up to the time of making the assignment the assignee was the clerk of McKinstry, and had control of his business. The deed of assignment, in the granting clause thereof, contained the following appointment of Stringfellow as the agent of J. A. McKinstry & Co.: "The said party of the first part doth make and create and constitute and appoint the said party of the second part his true and lawful attorney and agent, with full power and authority to do, transact, and perform all acts and deeds, matters and things, which may be necessary in the premises; and to the full execution of the said trust, and for the purposes af said trust, to ask, demand, and recover and receive of and from all and every person or persons all the property, debts, and demands belonging and owing to the said party of the first part, and to give acquittances and

[Cohn Bros. & Co. v. Stringfellow.]

discharges of the same, and to sue, prosecute and defend and implead for the same, and to execute and acknowledge and deliver all necessary deeds and instruments of conveyance; and also for the purpose aforesaid, or any part thereof, to make, constitute, and appoint one or more attorneys under him, and at his pleasure to revoke the same, hereby ratifying and confirming whatever the said party of the second part or his substitute may lawfully do in the premises." Upon the introduction of all the evidence, and after the general charge by the court the plaintiffs requested the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1) "The court charges the jury that under said assignment E. M. Strinfellow was the agent of J. A. McKinstry & Co., and as such could not act as agent or assignee for the creditors of J. A. McKinstry & Co. at one and the same time." (2) "The court charges the jury that the appointment of defendant as set out in the alleged assignment makes defendant McKinstry's agent, and he therefore took no title under said instrument to the goods in this suit." (3) "If the jury find from the evidence that McKinstry & Co. concealed their financial condition from plaintiffs at the time said goods were purchased, then that would be equivalent to a false representation upon the part of J. A. McKinstry & Co. as to their financial condition, if they further find that said concealment was done to deceive plaintiffs, and did deceive them." (4) "The court instructs the jury that the alleged assignment is a conveyance to his own agent, and hence is no tranfer of the title to the property therein described, and defendant obtained no title thereby."

CALDWELL & JOHNSTON, for the appellants, cited—*Mattison v. State*, 55 Ala. 224; *Loeb v. Flash*, 65 Ala., 526; *Spira v. Hornthall*, 77 Ala. 137; *Le Grand v. Eufaula Bank*, 81 Ala. 123, 129; *Wollner v. Lehman*, 85 Ala. 274, 281, Benj. on Sales, §§ 182, 693, 828, 839; *Le Grand v. Hall*, 60 Ala. 129.

McINTOSH & RICH, and M. L. STANSEL, for the appellee, cited—*Le Grand & Hall v. Eufaula Nat. Bank*, 81 Ala. 123; *Kyle v. Ward*, 81 Ala. 120; *Robinson & Ledyard v. Levi*, 81 Ala. 134; Burrill on Assignments, 3d Ed. pp. 704, 705; *A. G. S. R. R. Co. v. Hall*, 93 Ala. 514; *Cobb & Malone v. Collins*, 92 Ala. 630.

McCLELLAN, J.—This is an action of detinue. Cohn Bros. & Co. sold the goods sued for to J. A. McKinstry, as

[Cohn Bros. & Co. v. Stringfellow.]

J. A. McKinstry & Co.   McKinstry soon after the sale and delivery of these goods made an assignment, covering this with other property, to Stringfellow for the benefit of his creditors.   The sellers claimed and seek by this suit to assert and effectuate the right to rescind the sale and recover the goods on the ground that McKinstry's fraud vitiated the sale.   Stringfellow having taken possession of the property under the assignment is made defendant.   He pleaded the general issue, and that he held "the possession of the goods sued for by virtue of an assignment made by J. A. McKinstry & Co., on the 7th day of March, 1891, for the benefit of their creditors."   To this special plea plaintffs replied that "by reason of fraud in the contract of sale with plaintiffs the said McKinstry obtained no title to these articles and conveyed no title to defendant by said alleged assignment." Plaintiffs joined issue on defendant's plea of not guilty, and defendant joined issue on plaintiff's replication to said special plea, and the trial was really of these issues only. No claim of *bona fide* purchase from McKinstry without notice was made by the defendant.   He stood in the shoes of McKinstry and depended alone on McKinstry's right which, whatever its quality or degree, passed to him by the assignment.   On the other hand, the theory of the plaintiff's action, upon which alone a recovery could be had, was that they had title to the property as against both McKinstry and the defendant; they sued, not as creditors of McKinstry, but as owners of the property.   On this state of the pleadings it was wholly immaterial whether the assignment by McKinstry to Stringfellow, ostensibly for the benefit of the creditors of the former, was *bona fide* and valid or simulated, fraudulent and void as to such creditors.   If the sale by plaintiffs to McKinstry was vitiated by the latter's fraud no title passed to him and plaintiffs were entitled to recover though the assignment were perfectly fair and valid, since Stringfellow did not pretend to be a purchaser in good faith for value; and if the sale was not avoided by McKinstry's fraud in buying the goods, plaintiffs were not entitled to recover however vicious the assignment may have been as against McKinstry's creditors.   The inquiry of fraud *vel non* in the assignment was, therefore, wholly foreign to the issues in the case; and the trial court properly excluded certain evidence offered by plaintiffs which was addressed solely to this inquiry.—*Trawick v. Keeble Co.*, 93 Ala. 498. This conclusion disposes of all the exceptions to rulings on the admission of evidence which are assigned as error or insisted on by counsel.

[Lewis v. Robertson et al.]

No exceptions were reserved to the court's general charge given *ex mero motu.*

Of the charges requested by the plaintiffs and refused, those numbered 2 and 4 were bad because addressed to the immaterial inquiry referred to above, and also for the reasons given in the case of *Richardson Bros. & Co. v. Stringfellow,* (in this volume,) with reference to requests for like instructions.

Charge 3 refused to plaintiffs is in the following language : "If the jury find from the evidence that McKinstry & Co. concealed their financial condition from plaintiffs at the time said goods were purchased, then that would be equivalent to a false representation upon the part of J. A. McKinstry & Co. as to their financial condition, if they further find that said concealment was done to deceive plaintiffs, and did deceive them." This instruction would probably have been understood by the jury as referring to the time at which the contract of sale was made in January, 1891, and not to the time when the goods were delivered to the purchaser the latter part of the succeeding month, and, indeed, we are not prepared to say but that that would have been the true interpretation of the language employed when referred to the evidence. There was no evidence whatever that at the time of the contract McKinstry made any concealment of his financial condition, or even that he was then insolvent or in failing circumstances. The charge, therefore, while correctly asserting in substance that a fraudulent concealment is the equivalent of a false representation in this connection, was abstract, as the jury might have understood it and perhaps properly understood it; and so understood its tendency was to mislead them. For these, if not for other, reasons the court committed no error in refusing to give it.

The judgment of the Circuit Court must be affirmed.