**WELCH v. FOCHT et al.**

No. 8436—Opinion Filed Feb. 12, 1918.

(171 Pac. 730.)

(Syllabus.)

1. **Judgment — Collateral Attack — Courts of Record — County Courts.**

The county courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction.

2. **Guardian and Ward — Sale of Land — Collateral Attack — Scope of Inquiry.**

In a collateral attack on a guardian's deed and the sale proceedings of a county court,

the scope of inquiry is confined to the question as to whether the county court had jurisdiction of such proceedings.

3. **Courts — "Jurisdiction."**

"Jurisdiction" is the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them. The question is whether, on the case before a court, their action is judicial or extrajudicial, with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction.

4. **Guardian and Ward — Sale of Land — Collateral Attack.**

A guardian's petition for the sale of his ward's real estate disclosed that the ward had no personal property or estate, that he owned the real estate described in the petition, and that no income was derived therefrom, alleged that it was necessary to sell said real estate, and prayed for an order of sale, but did not affirmatively allege the statutory grounds for the sale. The order of sale recited that "upon due examination and consideration of said petition, and after a full hearing on the same, and upon due consideration of the proofs offered in said matter, the court finds that the sale of all the real estate belonging to said ward, mentioned in said petition and hereinafter described, is necessary for the purpose of properly maintaining, supporting, and educating said minor; the father of said minor being wholly unable to do so, and for the best interest of said ward." Held, that said sale proceedings were not void on collateral attack.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by Jesse James Welch, a minor, by O. L. Clark, his legal guardian, against Adam Focht and others. Demurrers to petition sustained, action dismissed, and plaintiff brings error. Affirmed.

Harry H. Rogers, E. C. Hopper, Jr., Kirk B. Turner, and Martin E. Turner, for plaintiff in error.

James B. Diggs, Rush Greenslade, William C. Liedtke, Burdick & Wilcox, H. W. Harris, McGuire & Devereux, Carroll & Mason, and C. H. Rosenstein, for defendants in error.

RAINEY, J. The plaintiff in error, Jesse James Welch, a minor, by O. L. Clark, his legal guardian, was plaintiff, and the defendants in error, Adam Focht, Addie Focht, Stroud State Bank, a corporation, Gypsy Oil Company, a corporation, Oklahoma Natural Gas Company, a corporation, George Dollinger, Edward L. Moore, W. H. Wilcox, C. W. Pettigrew, W. A. Thompson, Wilbert Har-

rington, M. Chamberlain, Fred A. Chapman, Edith Thomas, C. D. Steen, Bertha A. Steen, A. C. Stinson, and J. V. McDonnell were defendants in the trial court, and the parties will hereinafter be referred to as "plaintiff" and "defendants."

The plaintiff's action was instituted to recover the possession of and to quiet the title to a tract of land allotted to him as a newborn freedman. The petition in this action alleged that the title of the several defendants was based upon or deraigned through a certain pretended guardian's deed, purporting to have been executed by one C. O. Potter, as the guardian of the plaintiff, Jesse James Welch, to one Lee Patrick; that the sale proceedings (which are fully set out in the petition) were had in the county court of McIntosh county; and that these proceedings were absolutely null and void on account of various alleged errors and irregularities appearing on the fact thereof. It is not claimed in the petition that there was any fraud practiced in the sale of the land, or that the land did not sell for its actual value. The defendants filed separate demurrers to the plaintiff's petition, which were sustained by the trial court, and from the order so sustaining the demurrers, and dismissing the plaintiff's action, the plaintiff has appealed to this court.

Plaintiff complains of 12 alleged serious defects in the sale proceedings, but of these all except 2 have been abandoned by counsel for plaintiff in his brief, for the reason, as he states, that, since the judgment of the trial court was rendered in this case, this court has, in its decisions, foreclosed the other objections to the sale proceedings made by the plaintiff in the trial court.

The most serious question in the case, and the one most vigorously insisted upon by the plaintiff, is that the petition filed in the county court of McIntosh county for the sale of the land in controversy was insufficient to confer authority or jurisdiction upon the county court of McIntosh county, Okla., to order a sale of the plaintiff's land, in that said petition for the sale of said land failed to disclose the condition of the estate of the ward, and failed to show facts disclosing the necessity or expediency of the sale; and on account of the alleged insufficiency of the petition it is urged that the county court of McIntosh county was without jurisdiction to make the order of sale, and that all the subsequent proceedings are therefore null and void. The petition for the sale of the land, which was properly verified, omitting the verification and indorsements, reads as follows:

"In County Court, State of Oklahoma, McIntosh County—ss.: In the Matter of the Guardianship of Jesse James Welch, a Minor. Comes now C. O. Potter, as the guardian of Jesse James Welch, and shows to the court the condition of the estate of the above named ward, to wit: The personal property of said ward, consists of nothing, of the approximate value of $——. That the annual income therefrom is approximately $——. That said ward owns the following described real estate, of the approximate value of $600, to wit: S. W. ¼ of the N. E. ¼ and the east ½ of the N. E. ¼, and the N. E. ¼ of the S. E. ¼ of sec. 9, township 16 N., and range 7 E. That the annual income therefrom is approximately $——. That said real estate is incumbered to the amount of $——, with an annual interest charge of $——. That the annual expense chargeable against the estate of said ward for maintenance and education is approximately $——. That it is necessary that the hereinafter described portion of said real estate should be sold for the following reasons, to wit: S. W. ¼ of the N. E. ¼, E. ½ of the N. E. ¼, N. E. ¼ of the S.E. ¼ of Sec. 9, township 16 N., range 7 E. That the next of kin and persons interested in the estate of said ward, together with their respective places of residence are as follows: Willie and Susan Welch, father and mother of said Jesse James Welch, Huttonville, Okla. Wherefore petitioner prays the court that upon a hearing had hereon he be authorized to sell all of said real estate at public or private sale as shall be deemed most beneficial and for the best interest of said ward. C. O. Potter.'

In the consideration of the question presented, it is important first to determine the character of the attack made upon the sale proceedings. It may be here stated that the petition is very defective, and does not set forth facts showing the necessity or the expediency of the sale, as is provided by section 6565, Rev. Laws of Oklahoma 1910, and we would not hesitate to hold the same insufficient on a direct attack. But plaintiff's action is not a direct, but a collateral, attack upon the sale proceedings of the county court of McIntosh county. Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184; Continental Gin Co. v. De Bord, 34 Okla. 66, 123 Pac. 159; Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920; Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372; Moffer v. Jones, 67 Okla. 171, 169 Pac. 652.

In the last-named case we held that the scope of inquiry in a collateral attack on the probate proceedings of a county court was confined to the question as to whether the county court had jurisdiction of such proceedings, and that its orders would not be held void for errors or irregularities during the progress of the proceedings. The county

court of McIntosh county is a court of record and has original general jurisdiction over probate matters. Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433; Scott et al. v. McGirth, 41 Okla. 520, 139 Pac. 519.

The prevailing rule is that, when probate courts are courts of general jurisdiction, the orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction. Moffer v. Jones, supra; Estate of Davis, 151 Cal. 318, 86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105; Long v. Burnett, 13 Iowa, 28, 81 Am. Dec. 420; Price v. Springfield Real Estate Ass'n, 101 Mo. 107; 14 S. W. 57, 20 Am. St. Rep. 595; Sherwood v. Baker, 105 Mo. 472, 16 S. W. 938, 24 Am. St. Rep. 399; Robbins v. Boulware, 190 Mo. 33, 88 S. W. 674, 109 Am. St. Rep. 746; Crown R. E. Co. v. Rogers Committee, 132 Ky. 790, 117 S. W. 275, 136 Am. St. Rep. 207.

There is also practical unanimity among the authorities that a judgment of a court of general jurisdiction cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did. 15 Ruling Case Law, p. 354; Jones, Commentaries on Law of Evidence, vol. 3, p. 877; Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861, 110 Am. St. Rep. 371; Kalb v. German Sav. Soc., 25 Wash. 349, 65 Pac. 559, 87 Am. St. Rep. 757; Burke v. Interstate Sav. Ass'n, 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416; Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, 79 Am. St. Rep. 352.

In the instant case the decree or order of sale is very complete and in strict conformity to the statutes. We do not think it is subject to criticism in any particular, and in fact none is made in the brief filed by counsel for plaintiff. This order of sale recites the filing of the petition, the appearance of the petitioner, that notice of the hearing of the petition was waived by all parties interested and the next of kin of the minor, that a hearing was had on said petition, and evidence was adduced and considered at the hearing. As to the necessity of the sale the decree reads:

"And upon due examination and consideration of said petition, and after a full hearing on the same, and upon due consideration of the proofs offered in said matter, the court finds that the sale of all the real estate belonging to said ward, mentioned in said petition and hereinafter described, is necessary for the purpose of properly maintaining, supporting, and educating said minor, the father of said minor being wholly unable to do so, and for the best interest of said ward."

Before we proceed further, it might be well here to call attention to the fact that there is quite a conflict in the authorities on the question as to what constitutes jurisdictional defects in the proceedings for the sale of a ward's real estate. As was observed in Eaves v. Mullen, supra, practically all of the courts agree that there are many defects in the sale proceedings of a ward's real estate which will not render the proceedings void. Some courts hold that practically all of the statutory steps are jurisdictional; but we have adopted the other rule, and there are many compelling reasons, unnecessary to be stated at this time, why we should not at this late date depart therefrom. But the filing of a petition praying for a sale of the ward's land is jurisdictional. This is necessary to invoke the jurisdiction of the court and to set the judicial mind in motion.

We come, then, to the question as to whether the fact that the petition for the sale defectively alleges the statutory grounds for a sale, or fails to allege any of the statutory grounds, defeats the jurisdiction of the court on collateral attack. Let us first inquire into the rule obtaining where the judgments of courts of general jurisdiction, other than probate courts, are collaterally assailed. We find the general rule obtaining to be that, where the court is one having power to grant the relief sought and having the parties before it, the fact that the petition defectively states a cause of action, or states it not at all, does not make the judgment void on collateral attack, but, on the contrary, if the relief demanded by the petitioner can be ascertained from the allegations in the petition, no matter how defective they are, or how many necessary ones are omitted, the judgment is not void on collateral attack. Chivers v. Board of County Commissioners of Johnston County, 62 Okla. 2, 161 Pac. 822, L. R. A. 1917B, 1296; 15 Ruling Case Law, § 339, p. 864; Altman v. School Dist. No. 6, 35 Or. 85, 56 Pac. 291, 76 Am. St. Rep. 468; Freeman on Judgments, § 33, pp. 116-118.

Judge Van Fleet is recognized by many courts as the best authority on the subject. In his excellent work on Collateral Attack, he says:

"There is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind, in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands, the court having power to grant it in a proper case, jurisdiction exists, and the defendant must defend himself. * * * Allegations immaterial and wholly insufficient in law may be sufficient 'to set the judicial mind in motion, and to give a wrongful but actual jurisdiction which will shield the proceedings from collateral attack."

And the learned author sums up the whole matter by saying that in his opinion the true and logical rule is that, if there is any petition at all invoking the action of the court, a judgment based thereon cannot be assailed collaterally because of insufficiency in the pleading. This, too, is the rule adhered to by the Supreme Court of the United States. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274-280; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463.

In the case of Ex parte Watkins, supra, designated by the Supreme Court of the United States as the leading case, the question arose upon a writ of habeas corpus. The petitioner had been indicted and convicted. He sought to be discharged from prison because the indictment upon its face charged no offense cognizable by courts of the United States. In denying the writ, the Supreme Court held that the Circuit Court for the District of Columbia was a court of record, having general jurisdiction over criminal cases, and that to determine whether the offense charged in the indictment be legally punishable or not was among the most unquestionable of its powers and duties. It said:

"The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case as in the other, and must remain in full force unless reversed regularly by a superior court capable of reversing it."

In the later case of In re Coy, supra, the the court said:

"In all such cases, when the question of jurisdiction is raised, the point to be decided is whether the court had jurisdiction of that class of offenses. If the statute had invested the court which tried the prisoner with jurisdiction to punish a well-defined class of offenses, as forgery of its bonds or perjury in its courts, its judgment as to what acts were necessary under these statutes to constitute the crime is not reviewable on a writ of habeas corpus."

The distinction between jurisdiction and the exercise of jurisdiction was clearly defined by this court in an opinion by Mr. Chief Justice Sharp in the case of National Surety Co. et al. v. S. H. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136, wherein the writer quoted with approval the definition given by the Supreme Court of the United States in the case of Rhode Island v. Massachusetts, 12 Pet. 718, 9 L. Ed. 1233, as follows:

"Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them. The question is whether on the case before a court their action is judicial or extrajudicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction."

And further observed, that the jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all. See Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183; Chivers v. Board of Co. Commissioners, supra. See, also, cases cited in this opinion. Quite a number of authorities are collated and discussed in an exhaustive note in L. R. A. 1916E to the case of Jarrell v. Laural Coal & Land Co., 75 W. Va. 752, 84 S. E. 933, L. R. A. 1916E, 312. We quote from the note as follows:

"When the general character of a judgment is such that its subject-matter falls within the general jurisdiction of the court that enters it, a collateral attack cannot be made thereon, even though the pleadings may be defective, and it is not subject to collateral attack, even though there was no cause of action stated in the pleadings."

See Christianson v. King County, 239 U. S. 356, 36 Sup. Ct. 114, 60 L. Ed. 327; In re Hughes, 159 Cal. 360, 113 Pac. 684.

In applying the rule there is a well-recognized distinction made by some of the courts between courts of general jurisdiction and those of limited or special jurisdiction. Thus the Supreme Court of California has held that a superior court of that state, al-

though a court of general jurisdiction, only exercises special and limited jurisdiction in probate matters, and that, before such a court would be authorized to order a sale of a decedent's real estate, a petition must be presented, showing a deficiency of the personal property to meet the liabilities of the estate, and also the necessity of the sale of the real property, or some portion thereof, for that purpose, as is required by the statute of that state. Meeks v. Hahn, 20 Cal. 626. In the later case of In re Hughes, supra, in which it was sought to apply this rule to a judgment of one of its superior courts in a matter in which the superior court had general jurisdiction, the Supreme Court stated the distinction in the following language:

"There are cases holding that where a court, even of general jurisdiction, is exercising a limited statutory power, and a statute conferring the power declares that it may be exercised upon the presentation of a petition stating certain facts, the failure to allege such facts is fatal to the jurisdiction of the court and renders its judgment and orders in the proceeding void, even on collateral attack. Haynes v. Meeks, 20 Cal. 312, 317; Meeks v. Hahan, 20 Cal. 626; Pryor v. Downey, 50 Cal. 398, 19 Am. Rep. 656; Boland's Estate, 55 Cal. 314. Section 1474 of the Penal Code provides that the petition in habeas corpus must 'state in what the alleged illegality' of the imprisonment consists. Counsel contend that this brings the case within the rule, just stated, that the petition shows on its face that the imprisonment is legal, and that hence it gave the superior court no jurisdiction to act. It is sufficient to say, in answer to this point, that the superior court in habeas corpus proceedings is not acting under a limited statutory authority, but under the general jurisdiction given by the Constitution. The statute may regulate the procedure, but it cannot limit or modify the jurisdiction. Defects in mere procedure, where general jurisdiction exists, are errors of law not fatal to the jurisdiction. This case does not come within the rule invoked by counsel."

Coming now to a consideration of the decrees, orders, and judgments of probate courts, we find that, while this court has never had the exact question herein involved before it, the logical deduction to be drawn from our cases, such as Hathaway et al. v. Hoffman et al., supra, and Roth v. Union National Bank, 58 Okla. 604, 160 Pac. 505, lead to but one conclusion. These and many other of our adjudicated cases are founded and rest upon the decisions of the Supreme Court of the United States in the cases of Grignon's Lessees v. Astor, 2 How. 341, 11 L. Ed. 292, United States, to the Use of Mattie Hine et al., v. Alexander Porter Morse, 218 U. S. 493, 31 Sup. Ct. 37, 54 L. Ed. 1123, 21

Ann. Cas. 782, and McNitt v. Turner, 16 Wall. 352, 365, 21 L. Ed. 341, 347. These cases have been quoted from at length with approval in quite a number of our decisions, so we will not attempt to incorporate herein the views of that great court as fully as we would otherwise be inclined to; but we do wish to call attention to the fact that in Grignon's Lessees v. Astor, supra, the court said:

"The granting of the license to sell is an adjudication upon all the facts necessary to give jurisdiction, and whether they existed or not is wholly immaterial, if no appeal is taken. The rule is the same, whether the law gives an appeal or not. If none is given from the final decree, it is conclusive on all whom it concerns. The record is absolute verity, to contradict which there can be no averment or evidence. The court having power to make the decree, it can be impeached only by fraud in the party who obtains it. United States v. De la Maza Arredondo, 6 Pet. 729, 8 L. Ed. 547. A purchaser under it is not bound to look beyond the decree. If there is error in it of the most palpable kind, if the court which rendered it have, in the exercise of jurisdiction, disregarded, misconstrued, or disobeyed the plain provisions of the law which gave them the power to hear and determine the case before them, the title of a purchaser is as much protested as if the adjudication would stand the test of a writ of error; so where an appeal is given, but not taken in the time prescribed by law. These principles are settled as to all courts of record which have an original general jurisdiction over any particular subject. They are not courts of special or limited jurisdiction. They are not inferior courts, in the technical sense of the term, because an appeal lies from their decisions."

We come now to a consideration of cases directly in point from sister states. In the case of Weems v. Masterson, 80 Tex. 45, 15 S. W. 590, the court had under consideration a statute of the state of Texas which authorized a sale of a ward's land when the ward was not possessed of sufficient means for his proper support and education, or to pay the debts against his estate. The only ground alleged in the petition for the sale of the land was that the sale was necessary by reason of the fact that the ward's property was constantly depreciating in value on account of repeated trespasses by persons cutting and removing timber therefrom. It will be observed the petition failed to allege any statutory ground for the sale, although the court was authorized to grant the relief sought in a proper case. The Supreme Court of Texas upheld the sale, and followed the rule therein announced in the later case of Taffinder v. Merrell, 95 Tex. 95, 65 S. W.

177, 93 Am. St. Rep. 814. In the last-named case the court said:

"The first objection to the guardian's sale above stated is likewise answered by the opinion of this court in the case of Weems v. Masterson, 80 Tex. 45, 15 S. W. 590. Under the rules laid down in that case, the jurisdiction of the county court did not depend upon the showing in the application of one of the statutory causes for such sales. The absence of such a showing, or the statement of a reason which would not authorize a sale, might make the order of sale erroneous; but it does not follow that it was not within the power of the court to make such order. In the language of the opinion referred to, the application for the sale was sufficient to invoke the exercise of the jurisdiction the court possessed over the subject-matter. Those interested must be conclusively presumed to have had notice of the application such as the law prescribes, and the decrees of the probate court in this collateral proceeding must be deemed conclusive of the fact that the sale was made for a lawful purpose and in a lawful manner, in the absence of some evidence in the record showing to the contrary, other than that the application was defective."

In the case of Read v. Howe, 39 Iowa, 553, the Supreme Court of Iowa said:

"It may be admitted that upon appeal this petition would be held insufficient to authorize an order for the sale of real estate, but it by no means follows that it is not sufficient to invoke the action of the court in the premises. The subject-matter is within the jurisdiction of the court. That the law confers. This jurisdiction is called into exercise by the filing of a petition and the service of notice. The court of necessity must determine the sufficiency of the petition. An erroneous determination may be reviewed upon an appeal or writ of error, but it cannot be that, for such erroneous determination, sales of real estate may be set aside in collateral proceedings, without regard to the number of innocent parties through whom the title may have passed."

In the case of Bryan v. Bauder, 23 Kan. 95, in an opinion by Chief Justice Horton, the Supreme Court of Kansas held that whether the petition for the sale was in proper form, or set forth sufficient facts, were matters for the determination of the probate court in the exercise of its jurisdiction. We quote from the opinion:

"It is well established that, when a court has jurisdiction of the subject-matter and of the parties in an action, the orders and judgment of the court are not void on account of mere defects in the pleadings or irregularities in the subsequent proceedings. In selling the real estate of decedent, complete jurisdiction is acquired by filing the petition praying the court to make an order, which, under the statute, the court is competent to make, and giving the notice of the time and place of the hearing of the petition. The filing of a petition and giving notice to the heirs are jurisdictional acts. The action of the court is upon the petition. All parties interested, after due notice, are required to come in and oppose the application. The statute contemplates a hearing of parties, and an adjudication upon the subject of the petition. Whether the petition is in proper form, or sets forth sufficient facts, are matters for the determination of the court in the exercise of its jurisdiction. Of course, if a mere blank paper is filed as a petition, jurisdiction would not attach, because there would be nothing for the court to act upon; but when a petition contains sufficient matters to challenge the attention of the court as to the merits, and such a case is thereby presented as authorizes the court to deliberate and act, although defective in its allegations, the cause is properly before the court, and jurisdiction is not wanting. This principle underlies all judicial proceedings."

The question was again before the same court in the case of Watts v. Cook, 24 Kan. 278, wherein the court observed that, since the probate court of Allen county had the power to hear and determine the matters alleged in the petition, it had the power to decide wrongly as well as rightly. Note the following language in the opinion:

"In the course of its proceedings, it became the duty of that court to decide whether the petition was sufficient for a sale of the premises. The court held it sufficient. As the petition presented a case for judicial determination, if the determination was erroneous, it was reviewable in the appellate court, but not a void or worthless determination. Bryan v. Bauder, 23 Kan. 95."

In the later case of Beachy v. Shomber, 73 Kan. 62, 84 Pac. 547, the third paragraph of the syllabus reads:

"A guardian's deed will not be held void upon a collateral attack merely because the petition of the guardian for leave to sell his ward's real estate does not affirmatively show the existence of the conditions which under the statute authorize such sale."

The petition for the sale of the ward's land in the last-named case did not affirmatively show the conditions which would authorize the sale under the statutes, but the court held it sufficient to call into exercise the jurisdiction of the court. To the same effect are the following cases: Young v. Lorain, 11 Ill. 624, 52 Am. Dec. 463; Iverson v. Loberg, 26 Ill. 179 Am. Dec. 364; Worthington v. Dunkin, 41 Ind. 515; Overton v. Johnson et al., 17 Mo. 442; Adams v. Thomas, 44 Ark. 267; Jarrell v. Cole, 215 Fed. 315, 131 C. C. A. 589, L. R. A. 1916E, 298.

Our investigation also convinces us that, even in those states where the probate courts

are courts of limited jurisdiction, there is a growing disposition to disregard defects and irregularities in the petition for the sale of the real estate of minors or decedents, where the decree is attacked in a collateral proceeding. Cotton v. Holloway, 96 Ala. 544, 12 South. 172 (overruling Abernathy v. O'Reilly, 90 Ala. 495, 7 South. 919, and modifying Quarles v. Campbell, 72 Ala. 64). In Singo v. McGhee, 100 Ala. 245, 49 South. 299, the court said:

"Upon direct attack, the court should vacate the judgment for noncompliance with the jurisdictional facts in any part of the proceeding; while upon collateral attack the decree will not be vacated, unless void on its face, and not because it would be rendered void by reading it in connection with other parts of the record."

While there are some authorities expressing a different view, we deem it unnecessary to discuss them here for we are in accord with the principles enunciated in the above cases, and believe that they are not only supported by the weight of authority, but are also sound in principle.

County courts of this state do not have jurisdiction to appoint guardians over minors residing in another county in this state, but in the case of Hathaway et al. v. Hoffman et al., supra, where a collateral attack was made upon the appointment of one Teubner by the county court of Atoka county, as guardian of the estate of the Hathaway minors on the ground that said minors, at the time of Teubner's appointment, resided in Coal county, we held the appointment of Teubner as guardian of said minors by said court imported jurisdiction in the court so to do, and that it would be inferred from the fact that the appointment was made that the necessary facts had been found to exist before the same was made.

The petition for the sale of the ward's real estate in the instant case discloses that he had no personal property or estate, that he owned the real estate described in the petition, and that no income was derived therefrom. We think the petition was sufficient to inform the court and all parties who would be bound by the record of the relief sought by the petitioner. Inasmuch as the sale of plaintiff's land in this case was within the general class of cases of which the county court of McIntosh county had jurisdiction, although the petition was very defective, and although it did not affirmatively allege statutory grounds for the sale, we are of the opinion that it was sufficient to invoke the jurisdiction of the court, and to call upon it to decide as to whether the order of

sale should be entered. Since the court, after a full hearing, adjudicated the existence of statutory grounds for this sale, as conclusively appears from the decree, reciting as it does that the sale of the real estate mentioned in the petition was "necessary for the purpose of properly maintaining, supporting, and educating the plaintiff, the father of said minors being wholly unable to do so, and that it was for the best interest of said ward," the court in the determination of said mattters, and in entering the decree of sale, was acting within the jurisdiction conferred upon it by law, and the subsequent proceedings based on said order are not void in this collateral assault made thereon.

The remaining irregularity complained of is in the appraisement of the land, but as an appraisement was filed, and it is not claimed that the appraisement was fraudulently made, or that the land did not sell for its appraised value, we think the contention is without merit.

The judgment of the trial court is therefore affirmed.

All the Justices concur.