· STUHLBARG et v
WEST NORWOOD BLDG & LOAN CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 5326.   Decided April, 1938

Clarence Denning, Cincinnati, for appellees, Miriam Stuhlbarg et.

Hauer & Topmoeller, Cincinnati, and R. T. Dickerson. Cincinnati, for appellant, The West Norwood Building & Loan Co.

## OPINION

By HAMILTON, J.

On rehearing on appeal on questions of law and fact.

The case here grows out of an action by appellants, The West Norwood Building & Loan Company to foreclose a real estate mortgage. The appellees were the mortgagors and assuming mortgagors; the property in question having changed hands several times.

The action was a straight foreclosure suit in which no deficiency judgment was sought. Sale of the premises took place, and the property failed to bring enough to pay the mortgage and the costs in full leaving a deficiency of something over $4,000.00. In the entry of distribution, the court granted a deficiency judgment · against Miriam Stuhlbarg and Harry M. Stuhlbarg, the original mortgagors for the full amount of the deficiency. It reserved in the entry all question of liability for the deficiency against other assuming mortgagors.

Thereupon, the Stuhlbargs filed this action, directly attacking the deficiency judgment against them, and ask that judgment in the procurement of the deficiency judgment against them, and ask that judgment be set aside, and that the defendants, The Building & Loan Company, and others be enjoined from proceeding to levy execution upon said judgment.

The trial court set aside the judgment and granted the relief prayed for. From that judgment, the Building & Loan Company appeal.

The question is:—Was there such fraud in procuring the judgment as would justify a court of equity in setting aside the judgment in the interest of justice.

The facts established by the evidence are in substance as follows:

At the time of taking the order of sale, counsel for the Building & Loan Company told counsel for the Stuhlbargs that he had not asked for any deficiency judgment and had no intention of seeking one (at least at that time) as he thought the property ample to satisfy the mortgage. The mortgagors were lulled into a sense of security by this assurance, and did not attend the sale, willing that the property should be sold to satisfy the mortgage. When the entry of confirmation of the sale at two-thirds the appraised value and distribution of the proceeds was made, the entry, as above stated, contained a deficiency judgment. This entry was not submitted to Stuhlbargs or their counsel. The first time the Stuhlbargs knew of any deficiency judgment was many months after its rendition, when a levy upon other property of theirs and notice of marshalling of liens was served upon them.

The power of the court to render any deficiency judgment in such case may well be doubted. Most certainly, justice will not permit such a judgment, procured and entered under the circumstances of this case to stand. The parties have not had their day in court, and the majority of the court are of opinion that the deficiency judgment

should be and hereby is set aside; and the appellants enjoined from levying execution thereon. Substantial justice can only be satisfied by a proper hearing on the merits of the right to a deficiency judgment in a proper action for that purpose.

The judgment is set aside, a permanent injunction granted, as prayed for, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

ROSS, PJ, concurs.

MATTHEWS, J, dissents in separate memorandum.

## DISSENTING OPINION

### By MATTHEWS, J.

In the petition in this case, the only ground alleged for enjoining the enforcement of the judgment in case No. 36246 is that it "was obtained through fraud and that no notice was given to them of the taking said judgment." At the original hearing the only claim was that no notice had been received. Notwithstanding the absence of any allegation of an agreement not to take a personal judgment, the appellees attempted for the first time on the rehearing to prove such an agreement. And in this attempt they failed. The only evidence offered by them was the deposition of their attorney. I quote the only pertinent question and answer:—

"Q. What, if anything, did Mr. Hauer say to you regarding the taking of a judgment against the Stuhlbargs at that time?"
"A. He said he would not take a judgment against them owing to our answer and cross-petition until such time as our matter therein had been disposed of."

Mr. Hauer's recollection of that conversation was that he said that he would not take a personal judgment at that time, but would wait until it was determined by the sale whether there would be a deficiency. He testified on direct examination:

"Q. Did you make an express promise, or any other kind of a promise that no deficiency judgment would be taken?
A. No, I did not, because the understanding was that a deficiency judgment would be taken if necessary."

And, on cross-examinataion, he said:
"Q. Yes, but you told him no deficiency would be entered.

A. Absolutely not. At that time we were taking the judgment against Conover."

When it is remembered that the issue between the defendants in that case as to the order of their liability was of no concern to the plaintiff, it seems to me that the testimony of Mr. Hauer, that the taking of the personal judgment was to be postponed until it was determined by the sale whether it would be necessary, is more likely to conform to what was said. The burden was on the appellees. I cannot agree with my associates that any promise was violated by the taking of this deficiency judgment. The greater weight of the evidence is the other way. However, assuming that the other testimony is accepted, to-wit: That a deficiency judgment was not to be taken until the issues between the cross-petitioners had been decided, that certainly should not have led the appellees into believing that no deficiency judgment would ever be entered against them—just the contrary. It shows that a deficiency judgment was contemplated. It is true that if that version of what took place is accepted, the deficiency judgment was entered before the time agreed upon had expired, but absolutely no prejudice has or could result to the appellees because of that fact. The amount of the deficiency had been determined. The appellees were the original borrowers, had never at any time in any way, and do not now, dispute the amount, and could not under the law if there had been originally any basis for such a claim. It had become res adjudicata.

Some question is raised as to whether this action is a direct attack upon the judgment rendered in No. A. 36246. In the original opinion, it is referred to as a collateral attack, and in the opinion of the court on rehearing, it is called a direct attack. That it is a collateral attack is sustained by many authorities. Freeman on Judgments (5th ed.), §306, 15 R.C.L. 838 to 841, and 23 Ohio Jur., 1144. However, the distinction is academic, at least so far as this case is concerned. No matter how the judgment is regarded it is certainly not a void judgment. The court had jurisdiction of the persons and the subject-matter. Whether the attack be regarded as direct or collateral, relief should not be granted in the absence of a showing of a meritorious defense. 23 Ohio Jur., 1286. If this proceeding could be construed to be an effort to invoke §11631, GC, the appellees could not succeed for the same reason because it is expressly provided by §11634, GC, that

the petition must allege the defense to the original cause of action, and by §11637, GC, it is enacted that "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered." This rule, requiring proof of a meritorious defense as a condition precedent is a recognition of the principle that substance should not be sacrificed to form. The rule was applied in a case in which it was sought to have a judgment vacated on the ground that it had been taken in violation of an agreement. First Nat'l Bank v Federal Reserve Bank, 69 A.L.R., (Ia.) 1329 NW 453. No attempt even to prove a defense has been made, indeed, none has been alleged in the pleadings in any of these cases, or suggested orally at any time.

My reasons for concluding that the appellees had failed at the first trial to show a right to relief are set forth in the opinion of the court handed down at that time, which is subjoined, and made a part of this dissenting opinion. For those reasons and the reasons here set forth, I cannot concur in the opinion of the court on the rehearing.

Original opinion expressly made part of dissenting opinion on rehearing.

This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Hamilton County, setting aside and holding for naught a deficiency judgment rendered in case Numbered A-36246, and enjoining the further prosecution of case numbered A-40703, upon the docket of the Court of Common Pleas, predicated upon that judgment.

The ground alleged for setting aside the deficiency judgment is that it was obtained without notice, and for enjoining the prosecution of case numbered A-40703 the grounds alleged are that the mortgaged real estate was sold in case A-36246 for an inadequate consideration to the defendant the West Norwood Building & Loan Company, in this action, which was the plaintiff in the action in which the property was sold and the legal conclusion was alleged that the remedy at law is inadequate.

It appears that the West Norwood Building & Loan Company filed action A-36246 to foreclose a mortgage against the plaintiffs in this action as mortgagors, and joined as defendants successive grantees, including the ultimate grantee, who owned the legal title. As against these successive grantees, it was alleged that they had assumed the mortgage debt. No separate cause of action on the note was alleged, and,

while it was alleged that the mortgagors had borrowed the money secured by the mortgage, there was no direct averment that they had promised to pay the debt. The promise was, of course, necessarily implied from the express averments. The prayer of the petition in A-36246 was:—

"Wherefore, plaintiff, the West Norwood Building & Loan Company, prays that said mortgage may be foreclosed, and said premises sold to pay said debt, and for such other relief, as is equitable."

By cross-petitions and answers thereto, the defendants raised the issue as to the order of their personal liability to pay the deficiency.

The mortgagors, by answer, admitted borrowing the money and executing the mortgage, and denied the other averments. No affirmative defense, such as payment in whole or in part, was alleged. There was, therefore, no issue raised as to the amount of the indebtedness. They asserted as against the succeeding grantees that they, the assuming grantees, should be required to pay any deficiency.

In due time a judgment in foreclosure was entered to which the mortgagors did not object at the time, and do not now object. We have been furnished with no rule of court, requiring any special form of notice to be given of the time of such a hearing, but the evidence shows that special notice by registered mail was given. In its judgment the court made a finding that the plaintiff's mortgage was the first lien and that the condition of the mortgage had been broken. The judgment continued:

"It is therefore considered by the court that the plaintiff, The West Norwood Building & Loan Company, recover from the defendant, George W. Conover the sum of $13,420.47, and their costs herein expended."

And that unless the amount was paid within ten days the mortgaged real estate should be sold. The amount not having been paid, an order for public sale was issued and The West Norwood Building & Loan Company bid $9333.34, and was declared the highest and best bidder.

Thereafter an entry of confirmation and distribution was entered directing the delivery of a deed to The West Norwood Building & Loan Company, and the distribution of the proceeds and concluding so far as material here as follows:

"And there still remaining due the West Norwood Building & Loan Company, the sum of $4345.00, it is considered that the West Norwood Building & Loan Company, recover same from the defendants, Miriam Stuhlbarg, Harry M. Stuhlbarg, Carl C. Schoeppel, and George W. Conover, and execution is awarded therefor."

It is admitted that the mortgagors had no notice of the making of this order or confirmation and distribution. The evidence does not show any rule of court requiring any particular kind of notice of a hearing of a motion to confirm a sale and distribute the proceeds. It does show the mortgagors had due notice of the pendency of the action and had entered their appearance in the case by filing pleadings, thus showing that the notice requisite to give the court jurisdiction was not lacking. It also shows that this entry was made on July 27th, 1933, and was never questioned by them at any time in that action. It was never questioned in any way until this action was filed on January 24, 1934.

The action numbered A-40703 is one to subject certain real estate of mortgagors to the payment of the deficiency of the mortgage debt after applying the proceeds of the sale of the mortgaged premises. The plaintiff alleged that for want of goods and chattels it had levied upon the real estate described. The defendants other than the plaintiffs in this action were joined because they claimed an interest in the premises. The prayer was that the court marshall the liens and order a sale of the premises and apply the proceeds in payment of the liens in the order of their priority.

The purpose of the present action is to nullify the action of the court in A-36246, and thus destroy the basis for the marshalling of liens in A-40703.

As this action is a collateral attack upon the action of the court in A-36246, it can only succeed in the event that what was done in that case was beyond the jurisdiction of the court. State ex v LeBlond, 108 Oh St 126 at 138; Welch v Foeht, 67 Okla. 275, 171 Pac. 730; Foltz v St. Louis & S. F. Ry. Co., 60 Fed. 316. Mere irregularity or errors can furnish no ground for disturbing the action of the court. Therefore, the fact, if it is a fact that the order of confirmation and distribution was made without serving the mortgagors with the notice required by rule of court is not available. The Common Pleas Court is a court of general jurisdiction of the subject-matter, and as the mortgagors had been served with summons and had filed answers, the court had jurisdiction of the persons.

In Freeman on Judgments (vol. 1, 5th ed.) at page 739 it is said:

"A prayer for general relief authorizes the court to grant any relief within the issues presented by the allegations of the bill of complaint and a judgment, though departing from the specific relief asked, if within the facts pleaded, is not void for lack of jurisdiction."

And at 741 and 742 the same author states:

"As elsewhere shown, when jurisdiction over both the parties and the subject matter is once obtained, no error committed in the exercise of that jurisdiction can make the proceedings or judgment of the court void."

The failure to give an additional notice required by rule of court would be an error to be asserted in a direct attack and not collaterally.

Nor is the fact that the finding of the amount due is not in the customary form in the foreclosure decree ground for declaring the finding a nullity. The mortgagors had admitted borrowing the money, and had not pleaded payment. The finding of the amount due is sufficiently specific to make it invulnerable to collateral attack. The finding was for an amount less than the mortgagors admitted borrowing.

In 27 Ohio Jur., 654, it is said:

"In a proceeding to foreclose a mortgage the amount due must be ascertained before a sale is decreed. In other words, a finding of the amount due is a necessary predicate to an order of sale in a foreclosure proceeding.

"In a foreclosure proceeding, the defendant can take issue as to the amount claimed, and when such issue is taken, it must be, and is, heard as a question of fact; and if no issue is taken by the defendant, the finding is made as on confession."

The principle case cited in support of the text is Doyle v West, 60 Oh St 438, 54 NE 409, and it fully sustains it. We find no case in conflict.

Now what is the nature of this finding of the amount due? The same authority answers this question. In 27 Ohio Jur., 654 and 655, it is said:

"The finding of the amount due in a foreclosure proceeding is a final determination of the question and is a debt evi-

denced by record which can only be discharged by payment. Such finding is not, however, a judgment and no execution can be issued thereon unless ordered. It is not a decree for the payment of money, but only a basis for the sale to satisfy such debt. Nor does it become a lien upon the other lands of the debtor."

But it is argued that as no specific prayer for a personal judgment is asked, the court lacks jurisdiction to render one. It should be observed that while the court in form rendered a personal judgment, it also ordered execution to secure satisfaction of the deficiency and the lien that it is sought to enforce in A-40703 is an **execution lien** and not a judgment lien. In **27 Ohio Jur., 668 and 669**, it is said:

"Under the old chancery practice and under the Code, where the court has acquired jurisdiction of the person of the mortgagor, it has power to award execution for any balance due after the proceeds of the sale of the mortgaged premises have been exhausted. A prayer for personal judgment is unnecessary. This practice is justified on the ground that it renders an action at law upon the notes unnecessary where the plaintiff only desired execution for the deficiency after exhausting the mortgaged premises. Such an execution has been termed the equitable execution. Such a decree apparently has not the force and effect of a judgment at law except as to the balance remaining due after subjecting the mortgaged property, and does not create a lien on property other than that mortgaged, though it is a final judgment for the purposes of the statute of limitations."

In **Giddings et, Executors, v Barney et, 31 Oh St 80**, at 83, it is said:

"We are not, however, to be understood as holding that in equity cases, the court may not give a personal judgment, where equity requires it. **McCrory v Parks, 18 Oh St 1; Reed's Admr.'s v Reed, 25 Oh St 422.** Nor is it intended to deny the power of the court, in an action to foreclose a mortgage, where the court has acquired jurisdiction of the person of the mortgagor, to award execution for any balance due, after the proceeds of the sale of the mortgaged premises have been exhausted. **Hamilton v Jefferson, 13 Ohio 427; Myres v Hewett, 16 Ohio 456; Moore v Stark. 1 Oh St 373; Maholm v Marshall, 29 Oh St 615."**

See also: Wiles Journal Entries (5th ed.) 133.

It would seem, therefore, that the court had jurisdiction to award execution to satisfy the deficiency without in terms entering a personal judgment for that amount or any amount, the finding being sufficient for that purpose.

This whole subject of the power of the court to render a judgment or award execution for a deficiency in a foreclosure action is elaborately discussed in Young v Vail, (N. M., 222 Pac. 912). 34 A.L.R. 980, and the conclusion reached that the court has such power.

Finally, it should be observed that the plaintiffs in this action had a plain, adequate, and complete remedy at law by defending the claim asserted against them in A-40703. That action was pending when this one was instituted, and that which is alleged here as a cause of action, if sufficient in law or equity, would be a complete defense to that action.

For these reasons, the court finds in favor of the defendants, and orders the dismissal of the plaintiff's petition for want of equity.