## In re ESTATE OF GREEN.

No. 9955—Opinion Filed Feb. 23, 1921.

(Syllabus by the Court.)

1. **Judgment—Collateral Attack—Presumptions—Probate Jurisdiction of County Court.**

The county courts of this state are courts of record, and have original general juris-

diction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction.

2. **Courts—"Jurisdiction."**

"Jurisdiction" is the power to hear and determine the subject-matter in controversy between parties to a suit; to adjudicate or exercise any judicial power over them. The question is whether, on the case before a court, its action is judicial or extrajudicial, with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction.

3. **Executors and Administrators—Release of Sureties on Administrator's Bond—Power of Court.**

Sections 6278 and 6279, Rev. Laws 1910, impower the judge of the county court to release sureties on an administrator's bond from future liability only, but not from liability on account of the antecedent default of the administrator, and an order of the county court releasing the sureties on such administrator's bond from liability for an antecedent default of the administrator is a nullity.

4. **Same—Petition to Vacate Order of Release—Sufficiency.**

Record examined, and held, that the trial court erred in sustaining a demurrer to the petition of the plaintiff, and the judgment is reversed with directions.

Error from District Court, Cleveland County; F. B. Swank, Judge.

In the matter of the estate of Minnie A. Green, deceased. Petition by T. E. Rogers, administrator, to vacate order of county court releasing former administrator's sureties, Chas. Greemore and E. M. Abernathy. On appeal in district court, demurrer to petition sustained, and petitioner brings error. Reversed and remanded.

C. H. Harrington and James Gresham, for plaintiff in error.

Williams & Luttrell and Hutchin & Burk, for Chas. Greemore and Mary C. Abernathy, as administratrix of the estate of E. M. Abernathy, deceased.

JOHNSON, J. This is an appeal from the district court of Cleveland county, by a duly certified transcript of the record, from an order of the district court sustaining a demurrer to the petition of the plaintiff.

The petition of the plaintiff was originally filed in the county court of Cleveland county in a probate proceeding pending in said

court entitled, "In the Matter of the Estate of Minnie Green, Deceased," praying said court to set aside and vacate certain orders theretofore made in said cause.

The county court sustained a demurrer to the petition, from which order the petitioner appealed to the district court of said county, which latter court, upon a hearing de novo, likewise sustained a demurrer to said petition, to reverse which order of the district court this proceeding in error has been regularly commenced.

The sole question for our determination, therefore, is, Does the petition of the plaintiff state a cause of action?

The allegations of the petition were as follows:

1. "That T. E. Rogers is the duly appointed and bonded and legally acting administrator of the estate of Minnie A. Green, deceased, with letters of date of Feb. 1st, 1915, who has returned inventory and appraisement, made annual account and done all things of legal requirement to date; that Carl A. Green was appointed administrator of the estate of Minnie A. Green February 18th, 1909, with approved bond of $500.00 with sureties thereon signed by E. M. Abernathy and Charles Greemore, both of Lexington, Cleveland county, Oklahoma.

2. "That on the 1st day of February, 1915, the said Carl A. Green, after having been duly cited by the court and failed to appear and render report and accounting to said court as administrator of the estate of Minnie A. Green, deceased, late of Cleveland county and state of Oklahoma, was summarily removed from said administratorship by the court, and the order so removing the said Carl A. Green, further finds, to wit: 'It appearing to the court that said administrator is not in default, his bondsmen are hereby released from any and all liability on the bond of the said Carl A. Green.' Said order is made a part of this petition, a copy of which is attached thereto and marked exhibit 'A'.

3. "That said order was inadvisedly, improvidently and inconsiderately given, and unjustly obtained by reason of the following matter, to wit: That the said Carl A. Green herein as administrator aforesaid did make and return inventory and appraisement of the said real estate to the value of $5,000.00, personal property, $364.00, that annual report was made and returned by the said Carl A. Green covering the period of two years, to wit: 1909 and 1910, said report bearing date of May, 1911, that no other accounting or report has been made or returned to said court by the said Carl A. Green, administrator of the estate of Minnie A. Green. That the said report made no returns of rent to the estate from the said Carl A. Green for lands of the estate culti-

vated and used by the said Carl A. Green, which are of the value of $250.00, being the rentals for the said lands for the years 1909 and 1910, and that the said Carl A. Green acted as administrator up to and including the year 1914, in the month of December said Carl A. Green absconded the state, that the rents and profits of the said estate were collected and had by the said Carl A. Green for the years following, to wit: 1911, 1912, 1913 and 1914, for which no accounting was had to the court or any legal representative of the said estate of Minnie A. Green, deceased, and that the said rents and profits approximately amounted to $800.00 per annum; that said Carl A. Green received $384.00 for insurance on burned dwelling house on said estate; that by order of the court four horses and three cows were sold leaving three horses and two cows which have never been accounted for, to the said estate which are of the value of $250.00, making the amount due the estate of Minnie A. Green, deceased, by the said administrator, Carl A. Green, the sum of $4,050.00 for which no report or account has been made to said court, or any representative of the estate of Minnie A. Green, deceased.

3a. "The age of Hester Green at the time of filing this application was 15 years, of Myrtle Green, 17 years, and of Pearl Rogers Green, 19 years.

4. "That the said order removing Carl A. Green as administrator, copy of which is attached hereto and to which reference is hereby made, relieving bondsmen of all liability on the bond of the said Carl A. Green because it appearing to the court that there is no default, said order operated against the rights and interests of the infant heirs to the estate of the said Minnie A. Green, to wit: Pearl Green, Myrtle Green and Hester Green, who at the time of rendering this order had no legal representative to whom notice could be given whereby they could be bound, the said Pearl Green, Myrtle Green and Hester Green not being sui juris from the fact of disability arising from infancy and had no opportunity to plead their rights in said court at the time of the rendering the order aforesaid, releasing said administrator and his bondsmen from fulfilling their fiduciary obligations to said estate.

5. "That application was filed in court asking for setting aside said order, to wit: the order which found the said Carl A. Green not in default and relieved his bondsmen of all liability on his bond; that to said petition an order issued out of county court December 16th, 1916, refusing the prayer therein, copy of said order is attached hereto and made a part hereof, and marked Exhibit 'B'.

6. "Wherefore petitioner prays the court to set aside and vacate the orders heretofore rendered in this cause marked Exhibits 'A' and 'B', attached hereto, and permit the ad-

ministrator to defend in this action and that his answer be filed herein; that the undivided interest of the said Carl A. Green in the said estate of Minnie A. Green, deceased, by order of this court be held to answer and make recompense to the said estate for the sums of money had and received from the rents and profits of the said estate, and from the sale of live stock and from moneys had from the insured buildings destroyed by fire, and that the sureties on the said bond of the Carl A. Green as said administrator be held in the full sum of said bond to the benefit of the said estate; that all parties at interest be cited and notified to appear; that a day certain be appointed therefor, and that plaintiff may have such other legal and equitable relief as may accord with justice and good conscience."

To which petition was attached copy of the order of the county court sought to be vacated, marked Exhibit "A", and order sustaining a demurrer to the petition, marked Exhibit "B", which orders are respectively as follows:

"Whereas on the 28th day of December, 1914, an order of attachment was issued out of this court to compel Carl A. Green, administrator of the estate of Minnie A. Green, deceased, to file a report of his administration as such administrator, and thereafter and on the 31st day of January, 1915, the sheriff of said Cleveland county returned said writ of attachment with the following indorsement thereon, 'Received this writ December 28, 1914. I cannot find Carl A. Green in my county or in this state. Claud Pickard, Sheriff.' And whereas said Carl A. Green had left said county and state. It is therefore ordered, adjudged and decreed that the said Carl A. Green be, and he is hereby removed as the administrator of the estate of the said Minnie A. Green, deceased, and it appearing to the court that said administrator is not in default, his bondsmen are hereby released from any and all liability on the bond of the said Carl A. Green."

"Now on this 16th day of December, 1916, the above entitled cause coming on for hearing in open court, upon the demurrer of Mary G. Abernathy and Charles Greemore to the application filed therein by Tom Rogers, administrator of said estate, to have the order heretofore made herein discharging Carl A. Green as administrator of said estate and exonerating his bondsmen, Charles Greemore and F. M. Abernathy, vacated, set aside and held for naught, and the said administrator appearing by his attorneys, James M. Gresham and C. H. Herrington, and the said Mary C. Abernathy appearing by her attorneys, Williams and Luttrell, and the said Charles Greemore appearing by his attorneys, Hutchin and Burke, and the court, after examining the pleadings filed herein, the statements and argument of counsel for and on behalf of each of the parties hereto, and being fully advised in the premises, finds that the said demurrer should be sustained.

"It is therefore considered, ordered, adjudged and decreed by the court that the demurrer of Mary G. Abernathy, and of Chas. Greemore to the application of Tom Rogers, administrator, to vacate and set aside the former order of this court discharging Carl A. Green and as administrator of said estate and exonerating his bondsmen, be and the same is hereby sustained, to which ruling and order of the court the administrator excepts, which exceptions are by the court allowed."

The demurrer of the defendants alleged two grounds:

1. "That the petition does not state facts sufficient to constitute a cause of action.

2. "That said petition shows on its face that the matters and things sought to be litigated by petitioner in this action were actually and directly in issue in a former proceeding and were there adjudicated, passed upon and determined by a court of competent jurisdiction and that said judgment has become binding and conclusive upon said petitioner and all other persons interested therein."

The demurrer of the defendants challenges the sufficiency of the petition of the plaintiff; the first ground being that the petition failed to state facts sufficient to constitute a cause of action, and, second, that it showed upon its face that the matters and things sought to be litigated were directly in issue in a former proceeding and were there adjudicated.

Copies of the orders of the county judge sought to be vacated were attached to the petition, and in such orders the county judge found that the former administrator was not in default, and adjudged that his bondsmen be released from any and all liability on the former bond of the administrator. This order, we think, was void. These orders, made by the county judge, that is, to remove the former administrator, Carl A. Green, and to appoint his successor, were authorized by Rev. Laws 1910, and section 6259 thereof provides that when a petition is filed praying the revocation of the order appointing an administrator, the judge must set down the application for hearing and cause citation to be issued to the administrator to appear and answer the petition at a time appointed for hearing. Section 6260 provides that upon the day set the court must proceed to hear the allegations and proofs of the parties, and if the right of the application is established, and he is competent, letters of administration must be granted to him, and the letters of the former administrator revoked. Section 6264 provides that

every person to whom letters testamentary or of administration are directed to issue, must, before receiving them, execute a bond to the state of Oklahoma, with two or more sureties, to be approved by the judge of the county court. Section 6278 provides for the release of sureties of any executor or administrator desiring to be released from responsibility, upon application by petition to the county judge of the county court. Section 6279 provides:

"If new sureties be given to the satisfaction of the court, he may thereupon make and enter an order that the sureties who applied for relief shall not be liable on their bond for any subsequent act, default or misconduct of the executor or administrator."

But the statute does not authorize the county judge on such a hearing to discharge the sureties from any liability on account of the antecedent default of the administrator. Aetna Accident & Liability Co. v. Langley et al., 68 Oklahoma, 174 Pac. 1046; Title Guaranty & Surety Co. v. Foster, decided September 21, 1920 (second petition for rehearing pending), Okla. App. Ct. Rep., vol. 13, p. 232.

The latter were guardianship cases, but the same rule applies to the estates of decedents in so far as they relate to the practice of county and district courts. Section 6585, Rev. Laws 1910.

The order of the county court complained of, attempting to release the sureties from antecedent liability, is a nullity, as the county court was without authority to make same, and such order was subject to the attack sought to be made upon it at the time the attack was last made, and the trial court erred in sustaining the demurrer to the petition, and the judgment is therefore reversed, and the cause remanded, with directions to proceed further in accordance with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.