## CLEMENT v. BROWN et al.

No. 12635—Opinion Filed Sept. 30, 1924.

1. **Indians — Conveyances of Inherited Lands by Full-Bloods—Approval by Proper Court.**

The Act of Congress of May 27, 1908, provides that conveyances of inherited lands by full-blood Indians of the Five Civilized Tribes shall be approved in the court having jurisdiction of the settlement of the estate of the decedent, and this necessarily means the court having jurisdiction of the settle-

ment of the decedent's estate at the time the instrument is presented for approval.

**2. Courts—County Courts—Exclusive Jurisdiction in Settlement of Estate.**

The county court of the county in which application is first regularly made for letters of administration shall have jurisdiction co-extensive with the state in the settlement of the estate of the decedent, and excludes the jurisdiction of the county court of every other county. State ex rel. Monahawee et al. v. Hazelwood, Co. Judge, et al., 81 Okla. 69 196 Pac. 937.

**3. Same—Proper Court to Approve Conveyances by Full-Blood Indian Heirs.**

And in the absence of fraud or collusion such court is the proper approval agency for the approval of conveyances of real estate by full-blood Indian heirs of the Five Civilized Tribes, as is provided in the Act of Congress of May 27, 1908.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Murray County; T. P. Clay, Assigned Judge.

Action by Virginia C. Clement against Susan Brown et al., on a promissory note and for foreclosure of real estate mortgage given to secure said note. Judgment for defendants canceling the mortgage and quieting title to the property as against said mortgage. The plaintiff appeals. Reversed and remanded, with directions.

Pearson & Baird, for plaintiff in error.

Young, Haste & Powell, for defendants in error.

Opinion by SHACKELFORD, C. The parties herein will be referred to as plaintiff and defendants as they appeared in the trial court.

This action was commenced by Virginia C. Clement on February 16, 1918, against Susan Brown and J. E. Little, administrator of the estate of Harley Brown, deceased, for the purpose of recovering a personal judgment against Susan Brown upon a promissory note amounting to $532.60, and attorneys fees, and for foreclosure of a real estate mortgage executed by Harley Brown and Susan Brown to secure the said note, covering certain lands in Murray county described as the W. ½ of N. E. ¼ of N. W. ¼ and W. ½ of S. E. ¼ of N. W. ¼ and E. 20 A. and S. W. 9.19 A. of lot 2, all in sec. 7, twp. 1 N. rge. 3 E. I. M. The mortgage, interest coupons, and note bear date of April 12, 1915, and were made to the F. B. Collins Investment Company, a corporation, and the loan made due and payable on the 1st of April, 1925.

Transfer of the instruments was duly made to the plaintiff and she is now the owner and holder, and she alleges conditions broken entitling her to bring action for the amount of the debt and for foreclosure. After demurrer filed and overruled, the defendant J. E. Little, administrator of the estate of Harley Brown, answered by general denial, and by an affirmative allegation that the claim had not been filed against the estate of Harley Brown, and that therefore plaintiff is not entitled to judgment against the administrator.

On August 9, 1920, Elias Brown, Angie Brown, Willie Brown and Lillie Brown, by their guardian, Bird Ashton, Bessie Roper, John Roper, and Abel Brown were made parties defendant. On the same day the said parties filed their answer denying the allegations of the plaintiffs' petition except that they admitted the execution of the note and mortgage by Harley Brown and Susan Brown. By way of affirmative defense they alleged that the real estate described in the mortgage was the allotment of Edmundson Brown, a full-blood Chickasaw Indian and the brother of Abel Brown and half-brother of Elias, Angie, Willie, and Lillie Brown. That the allottee, Edmundson Brown, Abel Brown, his brother, and Elias, Angie, Willie, and Lillie Brown, his half-brothers and sisters, were all children of Harley Brown, the mortgagor, who was a full-blood Chickasaw Indian. That the mother of Edmundson Brown and Abel Brown was Louisa Brown, a full-blood Chickasaw Indian; that Louisa, the mother, died prior to June 9, 1904, and that Edmundson Brown, the allottee, died on or about said date, intestate, unmarried, and without issue, a resident of what is now Pontotoc county, leaving Harley Brown, his father, and Abel Brown, his brother, as his sole and only heirs at law, each taking one-half interest in the allotment of the said Edmundson Brown; that Harley Brown (mortgagor) died on about the 16th of February, 1917, leaving as his sole heirs Susan Brown, his wife, Abel Brown, Elias, Angie, Willie, and Lillie Brown his children; that Abel Brown and his wife, Jennie Brown, deeded their interest in the land to Bessie Roper with the approval of the county court of Murray county; that Susan Brown, Abel Brown, and his wife made a deed purporting to convey the land to John Roper with the approval of the county court of Pontotoc county; that the guardian of the other Brown children sold their interest in the land to John Roper with the approval of the county court of Pontotoc county; and that Bessie Roper and John Roper are now the owners of the land; that the mortgage owned by

plaintiff does not constitute a lien upon the interest of Abel Brown in the land, alleged to be one-half thereof; that in fact the mortgage is not a lien upon any part of the land, but is void for the reason that the same was not approved as provided by Act of Congress of May 28, 1908, and is in violation of chapter 198. Session Laws Oklahoma 1915. They prayed for the cancellation of the mortgage as a cloud upon the title held by John Roper and Bessie Roper. The plaintiff replied thereto by alleging that Edmundson Brown died on or about the 9th of June, 1904, a resident of what is now Murray county, and that on July 17, 1908, Harley Brown petitioned the county court of Murray county for letters of administration on the estate of Edmundson Brown, the allottee, and was thereafter appointed administrator, and that while the administration was pending the loan was made to Harley Brown and Susan Brown and the mortgage executed by them and approved by the county court of Murray county, the approval agency having jurisdiction under the Act of Congress of May 27, 1908.

On May 14, 1921, the parties to the action filed in the cause the following agreed statement of facts:

"It is hereby stipulated by and between the parties hereto that the following are facts to be considered by the court in the determination of the issues in this cause:

"First. Edmundson Brown was a full-blood Chickasaw Indian, duly enrolled as such, roll number 140, aged approximately eight years on September 25, 1902.

"Second. That the said Edmundson Brown died on or about June 9, 1904.

"Third. That he left him surviving as his sole heirs at law, his father, Harley Brown, Chickasaw roll number 138, and Abel Brown, a brother, Chickasaw roll number 139, both of the full-blood.

"Fourth. That Susan Brown is not the mother of Edmundson Brown, deceased, his mother being Louisa Brown who died prior to the death of the said Edmundson Brown.

"Fifth. That the law of descent and distribution as found in Mansfield's Digest of the Statutes of Arkansas, chapter 49 thereof, was in force in this jurisdiction at the time of the death of the said Edmundson Brown and controls the devolution of his estate.

"Sixth. That letters of administration of the estate of Edmundson Brown, deceased, were issued to his father, Harley Brown, out of the county court of Murray county, on the 17th day of July, 1908, and that said administration was pending in said court on the 12th of April, 1915, and no administration on such estate was ever had elsewhere.

"Seventh. That on or about the 12th day of April, 1915, said Harley Brown and Susan Brown, his wife, for a valuable consideration, made, executed and delivered to the F. B. Collins Investment Company the note sued on herein and executed the mortgage set out in plaintiff's petition, which mortgage describes the lands allotted to Edmundson Brown, deceased, and that plaintiff is now the owner and holder of said note and said mortgage.

"Eighth. That thereafter, on the 16th day of February, 1917, Harley Brown died intestate in Murray county, Okla., and left surviving him as his only heirs at law his widow, Susan Brown, Abel Brown, Elias Brown, Angie Brown, Willie Brown and Lillie Brown, his children, all members of the Chickasaw Tribe of Indians of the full-blood, and that all of said heirs except Susan Brown and Abel Brown are minors, and that the defendant Bird Ashton is the duly appointed and acting guardian of said minors."

In open court it was, in effect, admitted the Harley Brown and Abel Brown each inherited a one-half interest in the lands covered by the mortgage; that plaintiff is seeking to foreclose the mortgage on the one-half interest of Harley Brown in the said lands; that the county court of Murray county approved the loan and the mortgage; and the question to be determined in the case is whether or not the mortgage was approved in the proper county. The plaintiff introduced the mortgage, note, and interest coupons and rested. The defendants, over the objection and exception of plaintiff, offered evidence tending to prove that Edmundson Brown, the allottee, died a resident of territory now embraced in what is Pontotoc county, and died within the confines of what is now Pontotoc county, and rested.

The court thereupon found that administration of the estate of Edmundson Brown, the allottee, was had in Murray county and that the administration case was pending in Murray county at the time the loan was made, and that the mortgage was approved in Murray county, but held the mortgage void for the reason that it was not approved in Pontotoc county, where he found that the allottee lived and died, and entered judgment for defendants canceling the mortgage and quieting the title in Bessie Roper and John Roper as against the claim of the plaintiff.

In due course plaintiff filed motion for a new trial, alleging a number of errors of the court, in effect that the judgment was contrary to the agreed statement of facts and contrary to law; and error of the court in permitting the introduction of parol proof tending to impeach the judgment of the coun-

ty court of Murray county in taking jurisdiction of the estate of Edmundson Brown and issuing letters of administration therein. The motion for a new trial was overruled and plaintiff appeals and assigns error of the court in overruling the motion for a new trial; and error of the court in holding that the county court of Murray county, where the administration of the estate of Edmundson Brown was pending, had no jurisdiction to approve the mortgage in question.

The sole and only question to be decided to properly dispose of this appeal is as to whether the county court of Murray county was the proper approval agency with jurisdiction to approve the loan. If it is determined that the county court of Murray county had jurisdiction to approve the mortgage, then the judgment of the trial court should be reversed. If the county court of Murray county was not the proper approval agency to approve the mortgage, then the judgment of the trial court should be affirmed.

The Act. of Congress of May 27, 1908, sec. 9, provides:

"That, the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

There is no question but that approval of conveyances of interests in inherited lands by full-blood Chickasaw Indians must be made by the proper approval agency. It is not questioned here but that the real estate mortgage executed by Harley Brown upon his inherited interest in the allotment of Edmundson Brown, his son, is a conveyance of an interest in real estate falling within the purview of the federal act. There is no question raised here but that the mortgage, otherwise valid, and approved by the proper approval agency, creates a valid subsisting lien and entitles the holder thereof to a judgment of foreclosure upon conditions broken. It seems to be conceded that if the mortgage held by the plaintiff had been approved by the proper approval agency it would create a valid lien upon the interest in the Edmundson Brown allotment inherited by Harley Brown, and would entitle the plaintiff to a judgment of foreclosure upon conditions broken. And since the interest herein inherited by Harley Brown passed to his heirs upon his death, subject to the mortgage, if it is in fact a valid subsisting lien, and they have by approved deeds passed all their title to the equity therein, subject to the mortgage if it is valid, to parties not apparently under any restriction, so that there can be no question in this case of selling at forced sale, in a manner not authorized by the federal act; a greater interest in the property than had been conveyed by the mortgage of Harley Brown and Susan Brown. And whether that would in any way affect the matter is in no wise passed upon in this opinion. Harley Brown conveyed, subject to approval, an interest in the said allotment to the extent of $500, and interest thereon and costs. All the remaining interest taken and held by him passed to his heirs upon his death, and by them sold by properly approved deeds. If the mortgage was properly approved, the land has been sold subject to it. If the mortgage is void because not properly approved, then the entire fee simple passed, notwithstanding the mortgage. The land in question is in Murray county, and it is admitted that Harley Brown, who inherited a one-half interest in the land, went into the county court of Murray county and petitioned for letters of administration, and the county court of Murray county took jurisdiction to administer the estate of Edmundson Brown and issued letters of administration, and the administration proceedings were pending and in due course at the time the mortgage was executed. It is not insisted here that the county court of Murray county was without jurisdiction to entertain the petition, issue the letters of administration, and through an administrator properly administer and settle up the estate of Edmundson Brown. But, notwithstanding the administration in Murray county, it is insisted that the county court of Murray county had no power, jurisdiction, or authority to approve the mortgage for the reason that proof was offered tending to show that the allottee, Edmundson Brown, was a resident of and died in territory now included in what is known as Pontotoc county. The record in the administration case has not been incorporated into and brought up with the case-made submitted in this appeal. But every presumption will be indulged in favor of the correctness of the judgment of the county court of Murray county in taking jurisdiction of the estate of the deceased allottee, Edmundson Brown. Welch v. Focht, 67 Okla. 275, 171 Pac. 730; Vinson v. Cook, 76 Okla. 46, 184 Pac. 97; In re Green's Estate, 80 Okla. 256, 196 Pac. 128.

The federal act referred to does not require that the approval of a conveyance be had in the county including the territory where the allottee resided or died; but the approval is to be had "by the court having jurisdiction of the settlement of the estate

of said deceased allottee"; and necessarily this must be the court having jurisdiction of the settlement of the decedent's estate at the time the instrument is presented for approval.

In State ex rel. Monahawee et al. v. Hazelwood, Co. Judge, et al., 81 Okla. 69, 196 Pac. 937, was a question as to which of two county courts had jurisdiction to determine the heirs of a decedent. In 1920 letters of administration of the estate of Lete Kolvin had been applied for and granted in the county court of Okmulgee county. While the administration was pending in that county certain parties claiming an interest in the estate of Lete Kolvin and upon the theory that Lete Kolvin had resided and died in territory now embraced in Okfuskee county filed a proceeding for the determination of the heirs of Lete Kolvin in the county court of Okfuskee county. Upon application this court issued a writ of prohibition against the county court of Okfuskee county denying the right to said county court to go into the matter, holding that the jurisdiction was in Okmulgee county. This court in that case said:

"The county court of the county in which application is first regularly made for letters testamentary or of administration shall have jurisdiction coextensive with the state in the settlement of the estate of the decedent, and the sale and distribution of his real estate and to determine the fact of heirship in and to said estate, and excludes the jurisdiction of the county court of every other county."

Based upon this authority and upon the admitted facts here presented, we conclude that the county court of Murray county had jurisdiction of the settlement of the estate of Edmundson Brown at the time the mortgage in question was executed and presented for approval; and that under the congressional act of May 27, 1908, the county court of Murray county was the proper approval agency and the mortgage having been approved by the county court of Murray county it became a valid, subsisting lien upon the interest in the Edmundson Brown allotment inherited by his father Harley Brown, the mortgagor. There is no question of fraud in the matter. The presumption is that Harley Brown and Susan Brown got the money for which the mortgage and note were given. The children of Harley Brown and Susan Brown got the benefit of it. The mortgage was of record and their grantees bought subject to it.

We recommend that the judgment of the trial court be reversed, with directions to vacate the judgment canceling the mortgage

and quieting the title to the property in John Roper and Bessie Roper as against the mortgage, and to enter judgment for plaintiff against Susan Brown for the amount of the note, accrued interests, and costs; and to enter a judgment foreclosing the mortgage on the interest in the lands therein described, held and owned by Harley Brown at the time the mortgage was executed and approved.

By the Court: It is so ordered.