**HUNTER, Gdn., v. WITTIER et al.**

No. 15300—Opinion Filed Nov. 9, 1926.

1. **Guardian and Ward—Guardian's Sale of Land—Setting Aside Confirmation for Failure of Purchaser to Pay—Issues on Guardian's Motion.**

Where a guardian sale has been confirmed by the county court, and before the guardian's deed is acknowledged, the guardian files his motion to vacate the order of confirmation for the reason the purchaser refuses or neglects to comply with the terms of the sale. the county court has jurisdiction, under section 6388, R. L. 1910 (section 1284, C. O. S. 1921), to hear and determine the issues raised and to sustain or overrule the motion

2. **Same—Order of Court After Hearing on Motion of Guardian as Res Judicata—Collateral Attack on Guardian's Deed.**

Where a guardian, before a guardian's deed passes, and after an order of confirmation of a guardian's sale has been made, moves the court to vacate the order of confirmation upon the ground the purchaser has failed to pay the purchase price, and issue is tendered thereon by the purchaser, the order of the court sustaining or overruling such motion, if not appealed from, becomes final and the question of payment or nonpayment of the purchase price is res adjudicata, and cannot be raised in a collateral proceeding to vacate the guardian's deed.

3. **Same—Presumptions Favoring Validity of County Court's Judgments in Probate Matters.**

The county court is a court of general probate jurisdiction, and it should not be held to have acted in excess of its jurisdiction, unless it clearly appears that it entered a decree not authorized by law, and in order to uphold a probate sale, this court will indulge every reasonable presumption in favor of the validity of the judgment.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by J. H. Hunter, as guardian and next friend of Bruce Hunter. a minor, against C. M. Wittier et al. Judgment for defendants, and plaintiff appeals. Affirmed.

R. L. Disney, for plaintiff in error.

C. Guy Cutlip and Thos. J. Horsley, for defendants in error.

Opinion by RUTH, C. The question presented to this court in this case is: May a judgment of the county court, which judgment has become final, be attacked in a collateral proceeding, where the court in the first instance had jurisdiction of the person and the subject-matter and no fraud is alleged in the procurement of the judgment?

J. H. Hunter, as guardian of Bruce Hunter, filed his petition to sell his ward's land. The sale was had, but subsequently it was set aside, for the reason the amount bid at the sale was not 90 per cent. of the appraised value of the land. In other respects the sale was regular in every particular. Another sale was had, and at this second sale more than 90 per cent. of the appraised value was bid and paid to the guardian. The sale was confirmed, but subsequently some irregularity in the court proceedings was discovered, and the deed and order of confirmation was

set aside, vacated, and held for naught. In 1914, a petition was again filed praying the lands be sold, and the lands were sold and the sale confirmed by the county court. At this sale the price bid was more than the appraised value, and it is conceded all proceedings were regular and in conformity with the law. After the confirmation the guardian moved the court to vacate its order of confirmation upon the sole and only ground that the purchaser had not paid the price bid. To this motion on the part of the guardian, the purchaser, Calloway, filed his response, or "contest," in which he alleges; "that the consideration for said sale has been fully paid." This presented a clear, distinct, and single issue for determination of the county court. Upon the issue thus joined, trial was had and the issue was found in favor of Calloway, and the court overruled the guardian's motion to vacate the order of confirmation. These proceedings were had in 1914, and no appeal was taken therefrom. In 1923, the present action was filed, and plaintiff alleges the purchaser at the 1914 sale has never paid the purchase price, and the county court was without jurisdiction to hear and determine the motion therein filed by the guardian. Defendants filed their separate answers, wherein they pleaded the validity of the 1914 sale; the confirmation thereof by the county court; and that the payment of the purchase price by Calloway had been adjudicated by the court. This cause was tried to the district court, and judgment was rendered for defendants, and plaintiffs appeal.

The jurisdiction of the county court to hear and determine the issues joined on the motion to vacate the order of confirmation is presented on this appeal.

Section 1284, C. O. S. 1921, chapter 5, art. 8, under "Probate Procedure," provides in part as follows:

"If after the confirmation, the purchaser neglects or refuses to comply with the terms of sale, the court may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property. If the amount realized on such resale does not cover the amount of the bid, and the expenses of the previous sale, such purchaser is liable for the deficiency to the estate.

Section 1478, C. O. S. 1921, chapter 5, art. 14, under title "Guardian and Ward," provides:

"* * * That sales by guardians, and all orders of confirmation or rejection, etc., must be had and made as provided and required by the provisions of the law, con-

cerning the estates of decedents, unless otherwise specifically provided herein."

The power of the county court to hear and determine a motion by the guardian, such as was filed on May 11, 1914, has been determined by this court in Morris v. Sweeney, 53 Okla. 163, 155 Pac. 537, wherein the court, after quoting that portion of section 6388, R. L. 1910 (section 1284, C. O. S. 1921), hereinbefore set forth, says:

"This provision is made applicable to sales by guardians by virtue of section 6565, R. L. 1910 (section 1478, C. O. S. 1921). * * * The statute quoted is sufficient upon the facts found to authorize the decree setting aside the confirmation and directing a resale of the property."

It therefore follows, as a necessary corollary, that if the court has power to sustain the motion, it has power to overrule the same upon the facts shown. There could not be a clearer defined issue, and the court had only to determine whether or not the purchase price had been paid, and the court was compelled to find it was paid, in order to sustain its judgment. This the court did, by overruling the motion, and by virtue of the statute and the case cited herein, it had the power or authority to so find, and its judgment is entitled to the same verity as any other judgment, and imports absolute verity on its face. Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Crabtree v. Bath, 102 Okla. 1, 225 Pac. 924; Freeman on Judgments, page 124.

In Burris et al. v. Straughn et al., 107 Okla. 299, 232 Pac. 394, this court said:

"The Supreme Court, in an action to cancel a guardian's deed, will indulge every reasonable presumption in favor of the judgment of a county court to sustain a probate sale. The county court is a court of general probate jurisdiction, and it should not be held to have acted in excess of its jurisdiction, unless it clearly appears that it entered a decree not authorized by law, and, in order to uphold a probate sale, this court will indulge every reasonable presumption in favor of the validity of the judgment."

"It is always presumed that a court rendered judgment acting lawfully." Littlehead v. Mount, 99 Okla. 225, 227 Pac. 98; Luker v. Masterson, 109 Okla. 75, 234 Pac. 727.

No fraud is shown to have been perpetrated upon the minor.

"In a suit in equity where it is sought to invalidate the guardian's sale for fraud, only fraud extrinsic to the matters determined in the county court may be considered." Watkins et al. v. Jester et al., 103 Okla. 201, 229 Pac. 1085; Gray v. McKnight, 75

Okla. 267, 183 Pac. 489; Ross et al. v. Groom et al., 90 Okla. 270, 217 Pac. 480.

It appears from this record that the purchaser at the guardian's sale conveyed these lands to W. R. Dees, and it is stipulated that Dees and the mortgagees were innocent purchasers and mortgagees, respectively, without notice, except the record notice, and for value, and it is further stipulated that all the proceedings of the probate court with reference to the sale to Calloway were entirely regular up to the confirmation of the sale of April 27, 1914.

This being stipulated, the vendees and mortgagees were justified in relying upon the record which showed that a straight clear-cut issue of payment, or nonpayment, of the purchase price at a valid guardian's sale had been raised and determined by a court of competent jurisdiction in favor of the full payment of such purchase price.

In this case Calloway pursued the only remedy open to him; he appeared in response to the motion of the guardian and filed his response or answer and tried the issue.

In Brown v. Thompson, 73 Okla. 238, 175 Pac. 931, in a parallel case, this court said:

"If the defendant had any valid reason to urge why the sale should not be vacated and a resale ordered, it was his duty to present them to the probate court, and there have their validity passed upon."

This is exactly what Calloway did. He presented his reasons for denying the motion, they were passed upon in his favor, the question was res adjudicata. The same issue is attempted to be raised in this action as was raised by the motion, and in absence of fraud extrinsic to the matters determined in the county court (Watkins v. Jester, supra) the judgment cannot be collaterally attacked.

"It has been repeatedly held that where a judgment is entered by a court of general jurisdiction, and the record is silent as to the existence of facts which gave the court jurisdiction, it will be presumed that all facts necessary for the proper rendition of the judgment have been found to exist before judgment was rendered, and the same cannot be attacked in a collateral proceeding." Johnson v. Furchtbar, 96 Okla. 114, 226 Pac. 12; Kelso v. Sheppard, 105 Okla. 231, 232 Pac. 81.

It having been shown that the county court had power, under the statute and the adjudicated cases, to render the judgment on the motion that it did render, we must presume that it found all facts necessary to authorize or warrant the judgment, and that

the price bid at the sale had been paid, and having so found, its judgment cannot be collaterally attacked; that the question of payment or nonpayment of the purchase price at the 1914 sale was fully adjudicated by a court of competent jurisdiction and for the reasons herein stated, the judgment of the trial court should be and is hereby affirmed.

By the Court It is so ordered.

Note.—See under (1) 28 C. J. p. 1195, §343. (2) 28 C. J. p. 1199, §349 (Anno). (3) 15 C. J. p. 1004, §418; p. 1009, §419.