## DUNN et al. v. PRICE et al.

No. 20684. Opinion Filed March 14, 1933.

John B. Harrison and Reuben M. Roddie, for plaintiffs in error.

Jas. A. Veasey and L. G. Owen, for defendant in error Carter Oil Company.

James C. Wright, for defendants in error F. D. Price and N. J. Price.

OSBORN, J. This is an appeal from an order of the district court of Seminole coun-

ty sustaining a general demurrer to plaintiff's amended petition and dismissing said cause.

Plaintiffs alleged that the lands in controversy were allotted to Nannie Dunn, a full-blood Creek Indian, who died in Seminole county on or about the 1st day of March, 1915, leaving the plaintiffs and their brother, Harry Dunn, as her sole heirs, and that each of them took an undivided one-third interest in said lands; that in 1918 the respective guardians for each of plaintiffs filed petitions in the county court of Seminole county, in which court guardianship proceedings were pending as to each of said plaintiffs, praying for an order authorizing the sale of the interests of plaintiffs in said lands, and that, thereafter, the county court made and entered an order authorizing such sale; but plaintiffs say that the court was without authority to make said order authorizing said sale for the reason that one of the next of kin, Harry Dunn, was a resident of Seminole county, and that notice of said proceedings was not personally served upon him as provided by law, and that Mary Dunn, wife of plaintiff, Noah Dunn, was likewise such resident and not served.

The petition further alleges:

"All probate proceedings are hereto attached as exhibits to this amended petition and made a part hereof."

It appears, however, that Mary Dunn filed a written waiver of notice of said hearing. It further appears that in the petition to sell said lands it is alleged as follows:

"That the next of kin and persons interested in the estate of the said wards, together with their respective places of residence, are as follows: Harry Dunn, brother of said ward, residence, Okemah, Okfuskee county, Okla. * * *"

It further appears in said order of sale the county court made the following findings:

"* * * from the evidence that due and legal notice of this hearing has been given all the next of kin and persons interested in the estate of these minors."

And further:

"The court finds from the evidence after full examination that all laws, rules and regulations governing the hearing of petition for sale by guardian have been fully complied with in this cause."

Plaintiffs contend that the demurrer admits all of the allegations of plaintiffs' petition well pleaded, and that the petition must be liberally construed, and they conclude that it is admitted, for the purpose of this demurrer, that Harry Dunn, brother of said plaintiffs, was, in fact, a resident of Seminole county and living therein, and was not personally served as required by law.

Plaintiffs overlook the fact, however, that in attaching to the petition all of the probate proceedings relating to the sale of said lands, the allegations of said petition are to such extent restricted thereby. Hyde v. City of Altus, 92 Okla. 170, 218 P. 1081.

Viewing the allegations of the petition in connection with the exhibits thereto attached, the sole question for determination in this cause is: Can the probate proceedings, otherwise regular on their face, be impeached in this proceeding by showing that Harry Dunn, one of the next of kin, at the time of the conduct of said proceedings lived in Seminole county instead of Okfuskee county, by reason of which residence the notice, served on him by mail, of said proceedings in the county court, is not in conformity with the statutes, and the county court was, therefore, without jurisdiction to proceed to confirmation of said sale?

There is no allegation of fraud contained in said petition, and it is clear that this is a collateral attack on the proceedings had in the county court. Eaves v. Mullen, 25 Okla. 679, 107 P. 433.

By section 1085, C. O. S. 1921 [O. S. 1931, sec. 1082] the proceedings of the county court

"* * * are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumption as to the records, orders, judgments, and decrees of district courts." Bowling v. Merry, 91 Okla. 176, 217 P. 404; Hunter v. Whittier, 120 Okla. 103, 250 P. 793; In re Green's Estate, 80 Okla. 256, 196 P. 128; Tiger v. Drumright, 95 Okla. 174, 217 P. 453; Galaghar v. Petree, 103 Okla. 295, 230 P. 477; Littlehead v. Mount, 99 Okla. 225, 227 P. 99.

We think the above question is decisively answered by the principles laid down in the case of Hathaway v. Hoffman, 53 Okla. 72, 153 P. 184, wherein this court said:

"Where, assailing the record of a county court, plaintiff introduced parol evidence aliunde, over objection, that the minors for whom a guardian had been appointed by the court resided at the time of the appointment in a county other than the county in which the appointment was made, held, that the court did right, in directing a verdict for the defendant, to lay that evidence out of the case, and, in effect, hold that such was incompetent and with-

out probative force to impeach the validity of the record."

It appears that the county court of Seminole county, in passing on said petition to sell said lands, was called upon also to pass upon the sufficiency of the notice given to the next of kin. The allegation in the petition to sell was that Harry Dunn was a resident of Okfuskee county, living in Okemah, and the court determined that proper notice was given to him as required by law. If an error was made by said court, in the determination of this question, it was not such error as might be attacked collaterally. Abraham v. Homer, 102 Okla. 12, 226 P. 45; Wolf v. Gills, 96 Okla. 6, 219 P. 350.

Plaintiffs rely upon the case of Rock Island Implement Co. v. Pearsey, 133 Okla. 1, 270 P. 846. Said cause is clearly distinguishable from the instant case in that the failure to give proper statutory notice to the next of kin appeared on the face of the probate proceedings, and the court held that such defect so appearing, the proceedings were void. But in the instant case such alleged defect appears only in the allegations of plaintiffs' petition, and, to sustain said allegations, evidence aliunde would be required. Under the consistent holdings of this court, such is not permissible in a collateral attack upon probate proceedings regular on their face.

We, therefore, conclude that the trial court did not err in sustaining the demurrer of defendants to the amended petition of plaintiffs.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, and WELCH, JJ., concur. McNEILL and BUSBY, JJ., absent.